The duty of the Belle was obvious and simple. She discovered the light of the Tempest in ample time to have cleared her. To accomplish this she should have taken such early and decided measures as would prevent both the danger and alarm. She failed to do this, and must be pronounced in fault and responsible for the consequences.

---

## Case No. 1,270.

### The BELLE.

[5 Ben. 57.] [1]

District Court, S. D. New York. March, 1871.

ADMIRALTY—STIPULATION FOR VALUE — INTEREST —RULES OF COURT.

1. A stipulation for value was given, on the discharge of a vessel from custody, fixing her value at $1,750, and containing an agreement that, "in case of default or contumacy on the part of the claimant or his surety, execution for the above amount may issue, &c." The stipulation bore a heading, that it was "entered into pursuant to the rules and practice of the court." A decree being afterwards entered against the vessel for $3,767 29, the libellant claimed to be entitled to recover interest on the $1,750, at the rate of 6 per cent., from the

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

date of the stipulation: *Held,* that the terms of the stipulation made the rules of the court a part of the contract; and that, under the provisions of rule 71, interest on its amount from its date must be paid, in addition to the $1,750.

[Cited in The Maggie M., 33 Fed. 591; The Sydney, 47 Fed. 262.]

2. This rule, and the fact that it is made a part of the stipulation, is not noticed in the case of The Ann Caroline, 2 Wall. [69 U. S.] 538, which would seem to hold the contrary view.

In admiralty.

James K. Hill, for libellant.

Beebe, Donohue & Cooke, for claimant.

BLATCHFORD, District Judge. In this case, a libel in rem was filed against the steam propeller Belle on the 8th of November, 1869. The vessel having been taken into the custody of the marshal under process, and a claim to her having been filed, the claimant and a surety having executed, on the 14th of December, 1869, a stipulation, which recites the filing of the libel, and that appraisers had been appointed, and that they had filed their report, fixing the value of the vessel at $1,750, and then proceeds as follows: "And the parties hereto hereby consenting and agreeing, that in case of default or contumacy on the part of the claimant or his surety, execution for the above amount may issue against their goods, chattels, and lands, now, therefore, the condition of this stipulation is such, that if the stipulators undersigned shall at any time, upon the interlocutory or final order or decree of the said district court, or of any appellate court to which the above named suit may proceed, and upon notice of such order or decree to Beebe, Donohue & Cooke, Esquires, proctors for the claimant of said steam propeller, abide by and pay the money awarded by the final decree rendered by the court or the appellate court, if any appeal intervene, then this stipulation to be void, otherwise to remain in full force and virtue." This stipulation is headed thus: "Stipulation for value entered into pursuant to the rules and practice of this court." On the execution and filing of this stipulation, and of a stipulation for costs in the sum of $250, the vessel was released from custody. On the 1st of November, 1870, a decree was entered for the libellant, for $3,767 29 damages and $114 30 costs. The libellant insists that she is entitled to recover, on the stipulation for value, interest on the $1,750 at the rate of six per cent. per annum, from the date of the stipulation, December 14th, 1869. This claim is made under rule 71 of this court, which is as follows: "In all cases where a judgment or decree is entered on a bond or stipulation filed with the clerk for the appraised or agreed value of any property libelled in this court, the clerk shall receive, in addition to the amount of the bond, interest at the rate of six per cent. per annum, for the time which shall

intervene between the entry of the judgment, or date of the stipulation, and the day when the money shall be paid into court." The claimant contends that the libellant is not entitled to interest at such rate on the $1,750, "except after decree," intending, probably, the date of the decree entered on the stipulation.

Rule 71 contemplates that there shall be a decree on the stipulation. Such decree is provided for by rule 144, under which, if the decree in the cause is not fulfilled or satisfied in ten days after notice to the proctor of the party against whom it is rendered, and the sureties of such party show no cause, after notice, against the performance of the engagement of their stipulation, a summary decree is to be rendered against them on their stipulations, and execution is to issue. In the present case, such summary decree against the stipulators has been entered. The words "entry of the judgment," in rule 71, mean, entry of the judgment or decree on the stipulation, and not the entry of the main decree in the cause. When a judgment or decree is entered on the stipulation, and is so entered after the date of the stipulation, I think that, under rule 71, interest at the rate named in that rule, on the amount of the stipulation, from the date of the stipulation, must be paid, in addition to the amount of the stipulation. The stipulation must be regarded as having been entered into in view of the provisions of rule 71, which was in existence when the stipulation was entered into. This view does not conflict with the principle decided in the case of The Ann Caroline, 2 Wall. [69 U. S.] 538, that, in a suit in rem, the stipulator, being a surety, cannot be made liable beyond the terms of his contract, or beyond the extent of the obligation expressed in his stipulation, according to its plain and obvious meaning. On the contrary, I think the stipulators in this case are liable for the interest, because it is within their contract. It is a part of their stipulation, on its face, that it is entered into "pursuant to the rules" of this court. This makes rule 71 a part of the contract. The fact that such rule was part of the contract in the stipulation in the case of The Ann Caroline [supra] does not seem, from the report of that case, to have been brought to the attention of the supreme court. The decision in that case was put upon the ground that the agreement in the stipulation, that execution might issue for "the above amount," could only mean for an amount no greater than the amount before expressed in the stipulation as the agreed amount of the value of the libelled vessel. The question as to interest, under rule 71, was not raised. In view of that rule, the words "the above amount," in the stipulation in this case, must be held to mean the amount of the appraised value of the vessel $1,750, as a principal sum, subject to the provision of rule 71 as to interest thereon.

Moreover, the literal language of the stipulation would limit the liability to $1,750 in any event, without interest even after a decree, under rule 144, against the stipulators. There is no ground for imposing interest, even after a decree, unless rules 71 and 144 are to be regarded as forming part of the contract of the stipulators.