# Case No. 12,403.

## SAWYER et al. v. OAKMAN et al.

### [11 Blatchf. 65.] [1]

Circuit Court, S. D. New York. April 2, 1873.

ADMIRALTY — APPEAL — STIPULATION — SUMMARY JUDGMENT—CERTIFICATE OF COMMISSIONER.

1. A suit in admiralty, in personam, appealed to the circuit court for the district of Massachusetts, from the district court for that district, was transferred to this court, under the 8th section of the act of February 28, 1839 (5 Stat. 322). This court ordered that the decree of the district court, which was for the libellant, should be carried into effect, unless the respondent should give a stipulation, with two sureties, to pay the damages and costs. Thereupon, a paper was filed in this court, signed by a United States commissioner for the district of Massachusetts. certifying that the respondent, and L. and D., as sureties, appeared before him, and bound themselves that the respondent should pay the damages and costs, or that execution should issue against them. The paper was signed by no one but the commissioner. and bore date prior to May 8, 1872, when rule 5, in admiralty, of the supreme court, was amended. This court affirmed the decree below, and its decree was, on appeal, affirmed by the su-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

preme court. On the mandate of the latter court, this court entered a summary judgment, ex parte, against L. and D., under which the body of L. was taken in execution. L. then moved this court to set aside the judgment and execution: *Held*, that the commissioner in Massachusetts was not authorized to authenticate the stipulation by such a certificate, and, therefore, that this court had no evidence that L. entered into the stipulation.

2. L. was no party to the appeal to the supreme court.

3. He was entitled to apply, by motion, for relief.

4. The summary judgment, and the execution, against L., must be set aside, as unwarranted.

[Cited in The Sydney, 47 Fed. 262.]

[This was a libel by Charles Sawyer and others against Samuel Oakman and others to recover damages for injury to plaintiff's boat. From a decree in the district court for libelants (Case No. 12,404), respondent appealed to the circuit court, where the decree of the district court was affirmed (Id. 12,402). An appeal was then taken to the supreme court, where the decree of the circuit court was affirmed (unreported). The cause is now heard on a motion to set aside a judgment and execution against one of the stipulators.]

Edward F. Hodges, for the motion.
John Lathrop and Charles F. Blake, opposed.

WOODRUFF, Circuit Judge. A motion has been made herein, on the petition of James Lee, Junior, an alleged stipulator, on the appeal from the district court for the district of Massachusetts to the circuit court, which was transferred to this court under and by virtue of section 8 of the act of congress of February 28th, 1839 (5 Stat. 322). After the transfer of the cause to this court, and on the 16th of February, 1870, an order was made, (under and in conformity with the 133d rule of this court,) that the decree of the district court be carried into effect, unless the appellant should give security, by the stipulation of himself and of two competent sureties, for the payment of all damages and costs on the appeal, in this court, and in the supreme court of the United States, in the full and just sum of ten thousand dollars. Thereafter, on the 5th of March, 1870, a paper was placed on the files of this court, purporting to be signed by Charles Demond, as "Commissioner of the U. S. Court for the District of Massachusetts," reciting the proceedings in the cause and the order of this court, above mentioned, and certifying that Oakman, on behalf of himself and of the interests represented by Eldridge, appeared and produced, for sureties, James Lee, Jr., and J. Wade Davis, and that the persons so appearing, submitting themselves to the jurisdiction of the court, bound themselves, their heirs, &c., in the sum of ten thousand dollars, unto Charles Sawyer and others, (the libellants,) "that the said Samuel Oakman shall pay all damages, costs and expenses which shall be awarded against him in this suit, * * * and, unless he shall do so, they do hereby consent that execution shall issue forth against them, their * * * goods and chattels, * * * to the value of the sum above mentioned," and further certifying that the commissioner is satisfied that Lee and Davis are each worth more than ten thousand dollars. This paper was not signed by the petitioner, or by either of the persons named in it, and is not authenticated, save by the commissioner's signature. A decree was had by the libellants on the appeal, and, in affirmance of the district court, the libellants were awarded their damages and costs,—Sawyer v. Oakman [Case No. 12,402],—with the usual supplemental clause, that, "unless an appeal be taken from this decree within the time prescribed by law, a summary judgment therefor be entered in favor of the said libellants, appellees, and against James Lee, Jr., and J. Wade Davis (sureties on said appeal, in the sum of ten thousand dollars, the amount of their stipulations, by them given on said appeal,) and that said appellees have execution therefor, to satisfy this decree." But, the original respondents, Oakman and others, did appeal to the supreme court of the United States, and so the condition upon which, under such decree, such summary judgment was to be entered, failed. The supreme court affirmed the decree of this court, and, on the presentation of the remittitur or mandate of that court, final judgment and award of execution was entered in this court, ex parte, against the original respondents, and summary judgment was also awarded against the petitioner, Lee, and J. Wade Davis, as sureties on the appeal to this court, and execution was ordered, (pursuant to the act under which the cause was removed,) to issue into the Southern district of New York and, also, into the district of Massachusetts. The execution, as addressed to the marshal of the latter district, directed him, for want of goods, chattels, &c., to take the body, &c. Upon that execution, James Lee, Jr., was taken, and thereupon he presented this petition and moves to set aside the execution, and such summary judgment, against him, on various grounds, one of which alone it will be necessary to consider.

I find no statute of the United States which can be construed to authorize a commissioner appointed by the circuit court of another circuit, to authenticate a stipulation in admiralty by his mere certificate that the proposed stipulators appeared before him and acknowledged themselves bound, &c. No such statute was cited by the counsel, or insisted upon on the argument upon this petition. If no such authority exists, then this court had no evidence before it, on the record

or otherwise, that the petitioner, James Lee, Jr., ever stipulated, or became, in any manner, bound, for the damages and costs in this cause, and there was no legal warrant for the decree which, on the presentation of the mandate of the supreme court, was entered against the said petitioner; and, if no legal stipulation had, in fact, ever been made by him, then he was not a party to any proceedings in this court or in the supreme court. The mandate of the supreme court did not, per se, require this court to enter such a judgment against the petitioner. The decretal order made in this court prior to the appeal to the supreme court was provisional and not final. It directed, that, if an appeal was not taken from the decree within the time prescribed by law, a summary judgment should be entered in favor of the libellants, against the sureties, for the amount of their stipulation. Such appeal was taken, and it, therefore, became necessary to apply to this court, after the decision of the supreme court, for a final decree against the original respondents and their sureties, and an award of execution. The sureties had not appealed to the supreme court. If the petitioner had not, in fact, legally stipulated, he was, in no wise, directly, or by implication, a party to the appeal. The supreme court made no decision touching the liability of the petitioner. They affirmed the decree as to the appellants, leaving the rights and obligations of all others as if no appeal had been taken. The mandate of the supreme court neither directed this court to enter a final decree against the stipulators, nor to award execution against them, but only commanded "that such execution and proceedings be had in said cause, as, according to right and justice, and the laws of the United States, ought to be had," &c. As to the appellants, and their obligations under the decretal order appealed from, the mandate was conclusive, but, as to alleged stipulators, it could have no operation, if, in truth, they had not, in some legal manner, become identified with the cause, so as to be bound by the decree against them. It was, therefore, not too late for the petitioner to apply to this court, so soon as he had information of the decree made here against him, on the presentation of the mandate, and show that he was not legally held as stipulator, and, therefore, that this court had no jurisdiction to enter a summary judgment against him; and I perceive no reason why, after the issuing of execution on such decree, made without notice to him, he should not be heard, on motion.

If, then, no statute authorized a commissioner in Massachusetts to certify to this court the petitioner's appearance and acknowledgment of being bound, &c., to the libellants, the writing not being signed by him or sustained by proof, in any form, that he ever consented to enter into such obligation, save such certificate, this court had

nothing before it legally warranting a summary judgment against the petitioner, unless there is some established practice, recognized by the court, or some rule, which makes a paper or writing so certified by a commissioner valid as a stipulation in admiralty, and a sufficient ground for such summary judgment; and it is proper to add, that, where there is a valid and authentic stipulation, it is not questioned that a summary decree against the stipulators is regular and proper.

Rule 5 of the rules in admiralty, prescribed by the supreme court of the United States, in force at the time the instrument in question was placed on the files of this court, provided, that "bonds or stipulations in admiralty suits may be given and taken in open court, or at chambers, or before any commissioner of the court who is authorized by the court to take affidavits or bail and depositions in cases pending before the court." This rule of the supreme court imports their opinion that there was no prior general authority, under any statute, under which any United States circuit court commissioner could take such stipulations, and that, under the power given to the supreme court to regulate the practice, that court could confer the authority; and the terms of the rule limit the authority to commissioners of the court in which the cause is pending. That the rule was thus limited is indicated not merely by its terms, but by the fact, that, by a rule adopted at the December term, 1871, and promulgated May 8, 1872 (Webb v. Sharp, 13 Wall. [80 U. S.] 14), the supreme court amended this 5th rule, by extending the authority to take stipulations to "any commissioner of the United States authorized by law to take bail and affidavits in civil cases." Thus, that court have clearly indicated, that, without such amendment, no commissioner could take a stipulation except commissioners of the court in which the cause is pending.

Unless the instrument which was filed in this court has some legal sanction, as in the nature of a recognizance taken before some officer authorized to take it in the course of legal proceedings in this court, it not only does not warrant a summary judgment, but is liable to the further suggestion, that, not being signed by the petitioner, and it not appearing, by any evidence which the court can judicially recognize as authentic, that the petitioner himself acted upon it or took thereby any advantage, it may be liable to the objection, that, as a voluntary acknowledgment of obligation, it has no validity under the statute of frauds.

To the suggestion, that, as the cause was originally pending in the district of Massachusetts, and was transferred to this court for hearing and determination, by reason of the disqualification of the judge of the First circuit, this court should be regarded as acting in the place of the circuit court for the First circuit, and bound to recognize the act of a commissioner of that court, it is sufficient to

say, that, by the statute, the cause is itself transferred, with all its record and proceedings, into this court, to proceed here, and judgment to be pronounced here, as if the cause had been commenced here. Whatever, therefore, is done here must be so done that it would be valid in a suit commenced here. Whatever was done before the removal has all the force it would have if the cause had not been removed. What is afterwards done must be valid in this court, or it is not valid at all. This court is not, pro hac vice, removed to the district of Massachusetts, but the cause itself is removed to this circuit and district. Had congress seen fit to direct, in case of such disqualification, that the circuit judge of this circuit should hold the circuit court for the district of Massachusetts, and hear and determine the cause, the suggestion would be pertinent.

Once more. By rule 136 of the circuit court for the Southern district of New York, in all civil causes of admiralty and maritime jurisdiction, not expressly provided for by specific rules of that court, the rules of the district court for the Southern district of New York are adopted, and are to be received as rules of practice in the circuit court; and, by rule 59 of the district court, "all stipulations in causes civil and maritime shall be executed by the principal party, (if within the district,) and at least one surety, resident therein," &c. Without inquiring whether this term "executed" can be construed to mean any thing short of a signing of the stipulation itself by the persons to be bound thereby, it is quite plain, that the paper relied upon by the libellants, as against the petitioner here, finds no support in these rules.

If I had a right to consider this subject extra-judicially, I might think that the petitioner did, in fact, appear before the commissioner in Massachusetts, with intent to become bound to these libellants, and did consent to be bound, and that judgment might be summarily entered against him, and execution be issued; that the libellants acted, or forebore to enforce the decree of the district court, in reliance upon such appearance and acknowledgment; and that, by this motion, the petitioner is seeking to evade the responsibility which he intended to assume, and upon which he knew the libellants would rely. But, I cannot, judicially, upon the face of the instrument in question, say that he did, in fact, incur any such responsibility. The libellants were at full liberty to disregard it, as not conforming to the order, made by this court, for the giving of security to stay the execution of the original decree, and as not authorized by the rules of the supreme court or of this court.

I am constrained to the conclusion, that the entry of the summary judgment against the petitioner, on the return to this court of the mandate of the supreme court, was improvident and unwarranted, and that the execution against the petitioner should be set aside.