## Case No. 10,181.

### The NEW ORLEANS.

[17 Blatchf. 216;[1] 8 Reporter, 743.]

Circuit Court, S. D. New York. Oct. 11, 1879.

APPEAL IN ADMIRALTY—JUDGMENT AGAINST SURE-TIES—TEN DAYS' DECREE.

Where, in a suit in rem, in admiralty, in the district court, the claimant, after a decree for the libellant, appeals to this court, and this court decrees for the libellant for a sum sufficient to allow of an appeal by the claimant to the supreme court, which may be a supersedeas, no summary judgment can be rendered by this court against the sureties in the appeal bond executed on the appeal to this court, until after the expiration of ten days after the rendering of the decree by this court.

[Cited in The Jesse Williamson, Jr., Case No. 7,297; The Sydney, 47 Fed. 262; Ex parte Warden, 108 U. S. 156, 2 Sup. Ct. 384.]

In admiralty.

Scudder & Carter, for libellants.
Man & Parsons, for sureties.

BLATCHFORD, Circuit Judge. This is a suit in admiralty. The district court, on the 11th of June, 1877, rendered a decree that the libellants recover against the steamer, for damages, interest and costs, $16,505.-65. [The opinion in this case was rendered May, 1875. Case No. 10,179.] The claimants of the steamer were John H. Clark, Samuel H. Seaman, Cornelius H. Delamater, John Baird and Alfred Moulton. The said claimants appealed from the said decree to this court. On said appeal, the said Seaman, Clark and Delamater executed a bond to the libellants in the penalty of $18,000, with the condition that the obligation should be void, "if the above-named appellants shall prosecute said appeal with effect, and pay all damages and costs which shall be awarded against them as such appellants therein, if they shall fail to make said appeal good," and that otherwise said obligation should remain in full force and effect. The libellants appealed from other parts of the decree of the district court. This court, by a decree filed September 5th, 1879, affirmed in all things the said decree of the district court, and ordered that the libellants recover against the steamer the damages ascertained by the decree of the district court, namely, $15,904 98, and interest at the rate of 6 per cent. per annum, from June 11th, 1877, on $14,026 92, (being so much thereof as is exclusive of the interest allowed by the district court) and amounting to $1,866 67, be-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

ing, in all, $17,771 65, and also the costs of the district court, taxed at $690 67, and that the costs of this court be divided and set off each against the other. The decree further provided as follows: "And it is further ordered, that, unless an appeal be taken from this decree within ten days after its entry, and service of a copy thereof, and security given on such appeal to stay execution, John H. Clark and Samuel H. Seaman, the stipulators for value of the said steamer, caused the engagements of their stipulations to be performed, or show cause, within four days after the expiration of such ten days, or on the first day of jurisdiction thereafter, why execution for the sum of $40,000, the amount of their said stipulation, should not issue against their goods, chattels and lands; and it is further ordered, that the same persons cause their stipulations for costs to be performed, or show cause, in like manner, on the same day as aforesaid, why the like execution should not issue for the sum of $250; and it is further ordered, that John H. Clark, Samuel H. Seaman and Cornelius H. Delamater, the sureties of the claimants upon their said appeal, show cause at a circuit court to be held at the court rooms, in the city of New York, on the 11th day of September, 1879, at the opening of court, why a summary judgment should not be entered against them for the sum of $18,-000, the amount of their said bond." [Case No. 17,354.]

In accordance with the last of the foregoing provisions, the libellants have moved this court, on the 11th of September, 1879, to enter a summary judgment against the said Clark, Seaman and Delamater, as sureties on said appeal bond, for the sum of $18,000. The said sureties oppose said motion, on the ground that the case is one in which an appeal can be taken by the claimants of the steamer to the supreme court of the United States, from so much of the decree of this court as awards a recovery against the steamer, and that, therefore, the motion cannot be made until the expiration of ten days after the rendering of the decree. It is provided as follows, by section 1,007 of the Revised Statutes of the United States: "In any case where a writ of error may be a supersedeas, the defendant may obtain such supersedeas by serving the writ of error, by lodging a copy thereof for the adverse party in the clerk's office where the record remains, within sixty days, Sundays exclusive, after the rendering of the judgment complained of, and giving the security required by law on the issuing of the citation. But, if he desires to stay process on the judgment, he may, having served his writ of error as aforesaid, give the security required by law within sixty days after the rendition of such judgment, or afterwards, with the permission of a justice or judge of the appellate court. And in such cases where a writ of error may be a supersedeas,

executions shall not issue until the expiration of ten days." It is provided, by section 1,012, that appeals from the circuit courts "shall be subject to the same rules, regulations and restrictions as are or may be prescribed by law in cases of writs of error." Section 997 provides for a citation, and section 1,000 provides, that the judge who signs a citation on a writ of error, shall "take good and sufficient security that the plaintiff in error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only, where it is not a supersedeas as aforesaid."

It is contended for the sureties, that proceedings against the sureties upon the appeal bond are collateral to and for the enforcement of the decree, and are no part of the decree; that, where an appeal may be a supersedeas, no proceedings against the sureties in the appeal bond can be taken so long as no proceedings can be taken to issue execution on the decree; and that the words "process on the judgment," in section 1,007, include the entry of judgment against the sureties in the appeal bond.

The condition of the appeal bond is, that the appellants shall pay the damages and costs which shall be awarded against them by this court, as appellants, if they shall fail to make their appeal good. The appellants are not under obligation to pay the sum awarded against them by the decree until the time when execution can issue on the decree, which is not until the expiration of ten days after the rendering of the decree. The obligation of the sureties being an obligation only that the appellants shall pay when obliged to pay, cannot be enforced against them in any manner, even to the extent of the entry of judgment against them, until the obligation of the appellants to pay comes into force; and such obligation of the appellants does not, in a case like the present, where the appeal may be a supersedeas, come into force until the expiration of ten days after the rendering of the decree. This is a case in which an appeal lies to the supreme court and may be a supersedeas, if taken by the claimants, and where no execution could issue on the decree against the vessel prior to the time when the motion for judgment against the sureties in the appeal bond was made. It follows, that the motion was prematurely made and must be denied.

[The decree against the vessel in this cause was affirmed by the supreme court. 106 U. S. 1o, 1 Sup. Ct. 90.]

NEW ORLEANS (BONNER v.). See Case No. 1,631.

NEW ORLEANS (GAINES v.). See Case No. 5,177.

NEW ORLEANS (GRAVIER v.). See Case No. 5,711.

NEW ORLEANS (INSURANCE CO. v.). See Case No. 7,052.

NEW ORLEANS (JOHN KYLE STEAMBOAT CO. v.). See Case No. 7,354.