## THE BELGENLAND.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

### *Ex parte* WARDEN and Others.

ORIGINAL.

Decided March 26th, 1883.

### WARDEN and Others, Petitioners.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Decided May 7th, 1883.

*Admiralty—Appeal—Mandamus—Practice.*

1. A final decree in a collision suit in admiralty where the *res* has been surrendered, on a stipulation under the provisions of § 941, Rev. Stat., may be entered against both principal and sureties at the time of its rendition.

2. If a decree in admiralty is entered against claimant and sureties, and claimant appeal, and sureties sign the *supersedeas* bond also as sureties, an alternative writ of mandamus will not be granted to vacate the decree below as to the sureties.

3. Nor will this court, on the stipulator's motion, order the decree set aside here as to them.

One of these proceedings is at common law, the other in admiralty, but both took place at the same term of court, and each sought to effect the same thing in a pending appeal in admiralty.

Under the provisions of § 941, Rev. Stat., William G. Warden and others, in September, 1879, became stipulators in the District Court for the Eastern District of Pennsylvania, on behalf of the master and claimants of the Belgenland, in a suit brought there in admiralty for collision. The condition of the stipulation was as follows :

" Now, if the said claimant shall and will truly abide by all orders interlocutory or final of the said court and of any appellate court in which the said suit may be hereafter depending, and shall fulfil and perform the judgment or decree which may be rendered in the premises, and also pay all costs, &c., this stipulation shall be void, otherwise in force, and execution may issue by virtue thereof at one and the same time against any or all the parties to this stipulation."

Proceedings were had in the suit, and a decree for the payment of money was entered in favor of the libellant and against the claimants and the stipulators. From that decree an appeal was taken to the circuit court for the district, where, on the 14th of October, 1881, it was decreed "that the libellant recover for himself and the other parties in interest, from the respondent, Samuel Jackson, and his stipulators, Joseph D. Potts, William G. Warden, Edward N. Wright, and James A. Wright, his or their damages for the coll ion mentioned in the libel, . . . aggregating, in all, the sum of $51,594.14." The decree was also entered as a lien against the real estate of the stipulators.

Upon the rendition of this decree an appeal was taken by the claimant to this court, the petitioners signing a supersedeas bond as sureties. The petitioners being seized of real estate in the district, applied to the circuit court to vacate the decree against them, on the ground that it was inadvertently entered and caused a cloud on the titles to their property. The court declined to make the order, and an application was presented

for a mandamus requiring it to be done. After reciting the facts, the petition for the mandamus made the following averments:

"Your petitioners show that they are hindered and affected by the cloud on the titles of their respective real estates within the said district by reason of the decrees so rendered against them as stipulators as aforesaid ; that titles have been refused by purchasers—and they are advised that such decrees are improvidently entered against them, as an appeal in admiralty operates not only as *supersedeas*, but also vacates any decree of the court from whose decree the appeal is taken, and that no decree can be lawfully entered against stipulators whose obligation is conditional on the performance of the decree which may be finally rendered against the claimant, within the ten days allowed to the claimant, in which he may take an appeal from the decree rendered ; and that your petitioners are without remedy in the premises, unless redress is given as herein prayed, as no writ of error or appeal lies to the order of the court refusing to vacate said decree."

*Mr. Morton P. Henry* for the relators.—The petitioners, being sureties, have no right of appeal or writ of error. *The Wanata*, 95 U. S. 600; *The Ann Caroline*, 2 Wall. 538. Their only remedy is by mandamus. *Bank of Columbia* v. *Sweeney*, 1 Pet. 567. The decree entered below was illegal. *The New Orleans*, 17 Blatchf. 216. It is not a lawful judicial sentence against the relators. The final decree to which the appeal lies condemns the vessel and assesses the damages if found in fault. The execution may proceed against claimant and stipulators at the same time by virtue of the act of 1847, Revised Statutes, section 942. But the engagement of the stipulators is none the less collateral to the proceedings *in rem*. The stipulator is a surety, with all the rights incident to suretyship, and not a principal. He is entitled to subrogation and redress as a surety. Within the ten days allowed the claimant to appeal, Revised Statutes, sections 1007 and 1012, sentence is not pronounced against the stipulator, because an appeal vacates the decree and his obligation does not become fixed, and if the stipulator should within that time satisfy the decree, he would

have no recourse against his principal—and the admiralty procedure does not pronounce a sentence he cannot fulfil without losing recourse against his principal.

Mr. Chief Justice Waite delivered the opinion of the court.

It is not stated in the petition that the stipulation was executed under the provisions of sec. 941 of the Revised Statutes, but for the purposes of this application we assume it was, there being no representation to the contrary. That section provides in express terms for a return of the stipulation to the court, and that "judgment thereon against both principal and sureties may be recovered at the time of rendering the decree in the original cause." It would seem as though nothing more was needed to show the power of the court to include the stipulators in the original decree. Under section 1007 of the Revised Statutes, no execution can issue until the expiration of ten days after the entry of the decree. In this respect these decrees are like others. An appeal with supersedeas stays execution against the stipulators as well as the principal. Therefore, there is nothing in the decree inconsistent with the provision in the stipulation in respect to the time when execution may issue.

It is no doubt within the power of the court to postpone a decree against the sureties until after the time for appeal by the principal has expired, and then to proceed only on notice. Such is the practice in some of the circuits, but we can find nothing in the statute which makes this imperative. In the case of *The New Orleans*, 17 Blatchf. 216, to which our attention has been directed by the counsel for the petitioners, the proceeding was against the sureties for the claimants, on their appeal from the district court to the circuit court, and the court refused to enter the judgment on such a bond until after the time for perfecting an appeal to this court had expired. That was an entirely different question from the one presented here upon a stipulation entered into under section 941.

It is unnecessary to consider whether in law the decree is a lien on the real estate of the stipulators after the appeal. Our inquiry is not as to the effect of the decree, but as to the jurisdiction of the court to enter it. If there was jurisdiction, any

error that may have been committed cannot be corrected by mandamus.

As, upon the showing made by the petitioners, we are clearly of opinion they are not entitled to the relief they ask.

*The alternative writ is denied.*

The stipulators then filed their petition in this court setting forth the same facts, and prayed "this court by an order in this cause to grant relief, by setting aside the said decree as a lien on the real estate of the petitioners, on such terms as the court shall be pleased to pronounce just and equitable, to sureties in a cause pending an appeal; or will be pleased by its mandate to direct or authorize the circuit court to preceed in the said matter in such manner as shall be consonant to the rights of your petitioners and of the libellant; your petitioners submitting themselves in all things to the order to be made on the premises."

*Mr. Morton P. Henry* in support of the motion.
*Mr. Henry Flanders* against it.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The decree appealed from was against the respondent and his stipulators. If the decree operates as a lien on the real estate of the stipulators, notwithstanding the appeal, it is an advantage the law gives the appellee for his security, with which we ought not to interfere in advance of the hearing of the case on its merits. Whether there is such a lien we do not decide. That is a question which is not presented to us for determination by the appeal.

*Motion denied.*