THE SYDNEY.

THE WILLIAM WORDEN.

PROVIDENCE WASHINGTON INS. Co. *et al. v.* THE SYDNEY AND THE WILLIAM WORDEN.

(*Circuit Court S. D. New York.* September 4, 1891.)

1. MANDATE ON APPEAL—PROCEEDINGS IN COURT BELOW.
   Where an appeal to the supreme court from a decree of the circuit court is dismissed, and a mandate issued directing the court to proceed according to right and justice, the court may proceed as if no appeal had been taken, and the time for so doing, specified in the decree, had expired.

2. APPEAL-BOND—SUMMARY JUDGMENT.
   In admiralty, stipulations for costs and for value upon the release of vessels, and a *supersedeas* bond on appeal, are securities taken under the order of court; and,

where an appeal has been dismissed, the circuit court may enter summary judgments against the obligors of such stipulations and bond.

**3. SAME—STIPULATION FOR VALUE—INTEREST.**
Under a stipulation for value upon the release of a vessel, the obligors are not liable for interest on the sum stipulated, except on default in complying with the terms of the stipulation.

**4. SAME—LIABILITIES OF SURETIES.**
Where an appeal was dismissed, without awarding interest or cost, the obligors of the *supersedeas* bond, who were stipulators for the release of the vessel and for cost, satisfy their obligations by payment of the costs awarded by the decree of the court appealed from, the stipulation of release having been complied with.

In Equity. Motion to settle a decree.
*Edward D. McCarthy,* for Insurance Company.
*Hyland & Zabriskie,* for The Sydney and The William Worden.

WALLACE, J. This cause is here upon the settlement of a decree to be entered upon the filing of a mandate of the supreme court. Upon the libel filed in the district court, both vessels were seized under the process issued. The claimant entered into the usual stipulation for costs in the sum of $250, with sureties. The Worden was released upon the filing of a stipulation dated August 28, 1883, by the claimant, with sureties, for $1,000; that sum having been fixed as her value by the consent of the libelants and claimant. The Sydney was sold by order of the court for $2,100, and the proceeds of the sale were paid May 3, 1884, into the registry of the district court. After a hearing upon the merits, there was a decree in the district court dismissing the libel as against both vessels, with costs. The libelants appealed from that decree to this court. After the hearing of the appeal, this court allowed the claimant to reopen the hearing, and introduce further testimony, upon furnishing a bond, with sureties, for additional costs in the amount of $300. Subsequently this court reversed the decree of the district court, and condemned both vessels, awarding the libelants $8,252 damages, and $656 costs. 27 Fed. Rep. 119. The decree provided that, unless an appeal should be taken and perfected by the claimant within a specified time, the stipulators for costs and for the value of the Worden, and the sureties in the bond for additional costs, should cause their engagements to be performed, or show cause, within four days after the expiration of the time to appeal, why summary judgment should not be entered into against them. Within the specified time the claimant appealed from that decree to the supreme court, and, upon the allowance of his appeal, executed and filed the usual *supersedeas* bond, with sureties, in the sum of $2,500, conditioned to prosecute the appeal to effect, and answer all damages and costs, "including just damages for delay, and for the use and detention of the property, and the costs of the suit, and costs and interest on the appeal, awarded against the appellant therein." That appeal was dismissed by the supreme court for want of jurisdiction, (139 U. S. 331, 11 Sup. Ct. Rep. 620;) and that court, by its mandate to this court, directed that such proceedings be had herein as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwith-

standing. The same persons were the sureties in the stipulation for costs, in the stipulation for value, in the bond for additional costs, and in the *supersedeas* bond.

The well-established rule that on a mandate from the supreme court, containing a direction to this court to enter a specific judgment, this court has no authority to do anything but execute the mandate, and enter such a judgment or decree as it directs, has no application to the present case. The supreme court has not considered the merits of the cause, but has refused to consider them, because it was without jurisdiction to do so. The mandate merely informs this court that the appeal is no longer pending, and directs this court to proceed as it should do in view of that fact. This court is therefore at liberty to enforce the engagements of the claimant and his sureties as completely as it could if no appeal had been perfected, and the time for doing so, specified in the original decree, had now expired. Like the stipulation for costs and the stipulation for value given upon the release of the Worden, the bond for additional costs and the *supersedeas* bond are securities taken under the direction of the court for the benefit of the libelants; and constitute a fund to be applied by the court according to the rights of those interested therein. Bonds are, to all intents and purposes, stipulations in the admiralty, and the liability of parties thereto is the same whether the instrument is in form a bond or a stipulation. *The Alligator*, 1 Gall. 145. The power of the court to award summary judgment against the obligors in an appeal-bond, given upon an appeal in an admiralty cause from the district court to the circuit court, was treated as unquestionable by the supreme court in the case of *The Wanata*, 95 U. S. 600; and it has long been the practice in this court, upon entering a decree in an admiralty cause which has been taken·by appeal to the supreme court, when the mandate has been received from that court, to give summary judgment against the obligors in the *supersedeas* bond. *Sawyer* v. *Oakman*, 11 Blatchf. 65; *The Blanche Page*, 16 Blatchf. 1, 17 Blatchf. 221; *The New Orleans*, 17 Blatchf. 216; *Ex parte Sawyer*, 21 Wall. 235; *The Belgenland*, 108 U. S. 153, 2 Sup. Ct. Rep. 864. The practice has been so uniform, and has become so well established, that it is too late for this court to question its propriety. The obligors in such bonds, sureties as well as the principal, are deemed to be stipulators who have consented to submit to summary judgment requiring them to make good their engagements. Under the stipulation for costs and the bond for additional costs, the stipulators are liable for the sum of $550, that being the aggregate amount which they have undertaken to pay by the terms of the two instruments. Under the stipulation for the value of the Worden, which is a substitute for the vessel itself, they are liable for the sum of $1,000, and no more. Stipulators are liable for interest upon the stipulated sum only in case of default in complying with the terms of the stipulation. *Brown* v. *Burrows*, 2 Blatchf. 240; *The Ann Caroline*, 2 Wall. 538; *The Webb*, 14 Wall. 406; *The Wanata*, 95 U. S. 600. The contrary was decided in the case of *The Belle*, 5 Ben. 57, in view of the special recital in the stipulation, and

the rule of court, which in effect required stipulators to pay interest. But the recital and rule of court in the cases of *The Ann Caroline*, *The Steamer Webb*, and *The Wanata* were the same, as appears from an examination of the records, as in the case of *The Belle;* and, although no reference was made to their distinguishing features by the supreme court, it is not reasonable to suppose that on three occasions they escaped the attention of that tribunal. The stipulators are not in default. *Ex parte Sawyer*, 21 Wall. 235. Until the adjudication vacating the appeal made by the supreme court becomes, by the mandate, the decree of this court, the time allowed to them by the original decree in which to perform their engagements does not 'expire.

Inasmuch as the obligors in the *supersedeas* bond are the sureties in the other stipulations, and the proceeds of the sale of the Sydney are intact in the registry of the court, and no costs or interest were awarded by the supreme court upon the appeal, their engagements under that bond will be satisfied by paying the costs of the libelants awarded by the decree appealed from in excess of the amount covered by the stipulation for costs and the bond for additional costs. Such bonds are given pursuant to statutory provisions to indemnify the prevailing party from loss in case the appeal is not prosecuted with effect. They are to be conditioned to answer all damages and costs if the appellant fails to make his plea good. Rev. St. U. S. §§ 1000–1012. The nature and extent of the indemnity contemplated by the statute is indicated by supreme court rule No. 29. When a personal judgment or decree is appealed from, the "damages and costs" which the appellant is to answer for are the money recovery in the judgment, including interest as an incident of the judgment. *Catlett* v. *Brodie*, 9 Wheat. 553. The "costs and interest on appeal" are those which may be awarded by the supreme court pursuant to its rule No. 23. The "just damages for delay," of the twenty-ninth rule, is a provision for other indemnity than that included in the terms "damages and costs," or "costs and interest on appeal;" otherwise, there would be no occasion for such a provision in the rule. When the decree appealed from is like that in this cause, the *supersedeas* is to be indemnity for the costs of the suit, and just damages for delay, and costs and interest on the appeal. The liability of obligors upon a *supersedeas* bond given in a suit to foreclose a mortgage was considered elaborately in *Kountze* v. *Hotel Co.*, 107 U. S. 378, 2 Sup. Ct. Rep. 911, and the true meaning of the term "just damages for delay" defined as those arising from the deterioration of property pending an appeal, by waste, want of repair, or the accumulation of taxes or other burdens upon it. In a case like the present, just damages for delay might also include any loss arising from insolvency of stipulators. According to the doctrine of that decision, it is entirely plain that the obligors in the present case are not liable for any damages for delay.

A decree will be entered according to those views.