### DREYFUS et al. v. MARINE TRANSIT CORPORATION et al.

District Court, S. D. New York.
Feb. 27, 1930.

Otto & Lyon, of New York City, for libelant.

Macklin, Brown, Lenahan & Speer, of New York City, for respondent.

CAFFEY, District Judge.

In consequence of the proceeding being in rem, libelant would have been entitled to have the tug arrested and held as security for the cause of action alleged in the libel. The stipulation for value stands in the place of the tug as security, and is subject to the authority of the court that would be applicable to the tug if it were now in custody. United States v. Ames, 99 U. S. 35, 36, 25 L. Ed. 295. By force of the arbitration statute (title 9, U. S. C. § 8 [9 USCA § 8]), the reference to arbitration of the dispute, covered by the pleadings, did not diminish or impair the jurisdiction of this court to make the same decree that it would have granted if, after trial, it had reached the same conclusion as the arbitrators. If a plenary trial had occurred, then, according to the usual practice in admiralty, the court might properly direct execution against the stipulator for enforcement of the decree. The Wanata v. Avery, 95 U. S. 600, 616, 24 L. Ed. 461. This would be in conformity with Local Admiralty Rule 8, as well as the condition of the stipulation itself. For this purpose notice to the stipulator is not required, and the decree may be entered summarily. Title 28, U. S. C. § 754 (28 USCA § 754); The Belgenland, 108 U. S. 153, 156, 2 S. Ct. 383, 27 L. Ed. 685; Johnson v. Chicago & Pacific Elevator Co., 119 U. S. 388, 401, 7 S. Ct. 254, 30 L. Ed. 447. It follows that inclusion in the decree on the award of the provision it contains with respect to execution against the stipulator is correct.

Motion denied.