## HOLLON PARKER AND JOHN F. BOYER, APPELLANTS,

*v.*

## TIMOTHY DENNY, APPELLEE.

If a co-party does not join in appeal, or voluntarily appear in this Court, he must be served with the notice of appeal provided by statute.

In the absence of such joinder, appearance, or notice, this Court is not invested with jurisdiction of the cause.

A notice of an intention to appeal is no notice of an appeal actually prosecuted.

The case of *Coleman* v. *Yesler*, Vol. 1, Wash. Rep. 591, requiring the whole of the evidence to be certified in an appeal cause, *affirmed*.

When an appeal is taken to this Court under the Code of 1881, there is no way by which the evidence can be certified here, save that prescribed in Section 451 of the Code.

APPEAL from the First Judicial District, holding terms at Walla Walla.

This cause was appealed to this Court, and argued at the July term, 1883, and taken under advisement at the close of that term.

Subsequently, and before a decision was reached, by Act of Congress a fourth Judge was added to the Supreme Court of this Territory, and the constitution of the Court so changed, that the Judge who rendered the judgment in the trial Court was precluded from sitting in review of the case in this Court.

The cause was, therefore, again placed on the docket for hearing.

Before the cause came on for argument, appellee moved the Court to dismiss the appeal, because no notice of appeal had been served upon John F. Boyer, one of the parties to the action, and because the evidence in the cause had not been certified to this Court.

The motion was based, substantially, on the following facts, viz:

The cause was by the lower Court referred to a referee to take proof, and make a report containing a finding of facts and conclusions of law.

The referee so reported, returning into Court the evidence as taken before him.

In transmitting the cause to this Court, the Clerk of the Dis-

trict Court did not certify that the evidence certified was the evidence in the cause ; but that the transcript contained the evidence as returned by the referee.

The record contained a written notice signed by the appellant, Hollon Parker, notifying the appellant, John F. Boyer, that he intended to appeal the cause to the Supreme Court, and requesting Boyer to join in the appeal.

Boyer, by a written endorsement thereon, acknowledged due service, but declined to join in the appeal, and Parker immediately thereafter served and filed his notice of appeal.

*A. E. Isham*, for Appellants.

*John B. Allen*, for Appellee.

Opinion by GREENE, Chief Justice.

This is a motion to dismiss the appeal.   The cause was brought here under the appellatory provisions of the Code, by the appellant Hollon Parker.

Two grounds for dismissal are urged : 1st, That no notice of appeal, as required by Section 454 of the Code, was ever served on John F. Boyer ; 2d, That there is nothing in the transcript to certify this Court that it has before it the whole of the evidence.

Both points we deem well taken.   It was necessary and jurisdictional, for instituting this appeal, to make Boyer a party to it. (Code, Sections 454, 455, 458 ; 7 Peters, 399.)

But he could only be made a party by a voluntary joinder, or appearance, or in the compulsory mode provided by statute.

He has not appeared.   A notice of intention to appeal was served on him, but no notice of the appeal actually prosecuted was ever given.   He is not in Court.

As to the other point, this Court, following the case of *Coleman* v. *Yesler*, has several times decided that the whole of the evidence should be certified in an appeal case.   This Court must have the cause in its entirety before it, in order to proceed. Section 451 of the Code prescribes the form of certificate, and no certificate but the statutory will avail.

We cannot get jurisdiction by stipulation, or estoppel, or waiver.

No statutory certificate is here.

The motion is granted.

We concur: JOHN P. HOYT, Associate Justice.

GEORGE TURNER, Associate Justice.