THOMAS DEYE OWINGS, AND OTHERS, APPELLANTS V. ANDREW
KINCANNON, APPELLEE.

Appeal dismissed because all the parties to the decree in the circuit court
had not joined in the appeal to this court.

APPEAL from the circuit court of the United States for the
district of Kentucky.

In the circuit court of Kentucky, Andrew Kincannon, the
appellee, filed a bill on the 28th of December 1815, claiming
a tract of land by virtue of a prior entry to that under which
the persons named in the bill asserted a title to, and held pos-
session of the land; and praying the court to compel the defend-
ants to release all claim to the same, and that he might be
quieted in the enjoyment and possession thereof.

The bill was filed against Thomas Deye Owings, James M.
Blakey, Ralph Phillips, John Head, Benjamin Head, Milton
Stapp, Charles Buck, and nineteen others, as defendants, and
was afterwards dismissed as to some, and abated as to others
of the persons so named. During the pendency of the proceed-
ings Ralph Phillips and John Head died, the former leaving
Lewis W. R. Phillips his heir, and the other leaving Nancy Head,
and his widow, Sally Head, his only child; who after the de-
cease of their respective parents became defendants in the cause.

At November term, 1825, the circuit court made a decree in
favour of the complainant, by which it was ordered, that the
complainant do recover against the defendants Thomas Deye
Owings, James M. Blakey, Ralph Phillips, Milton Stapp, John
L. Head, and Charles Buck, and that said defendants do, on
or before the first day of March next, by deed, with warranty
against themselves and their heirs, convey and release unto
the complainant all their right, title, and interest, in and to the
land represented on and designated on the connected plat, re-
turned under an interlocutory decree formerly made.

On the 15th of May 1830, an order was made granting an
appeal, and the following bond was executed, a copy of which
was certified in the record.

Know all men by these presents, that we, Lewis W. R. Phillips, Sally Head, Nancy Head, and            are held and firmly bound unto Andrew Kincannon in the sum of five hundred dollars, to which payment well and truly to be made, we bind ourselves, our heirs, executors, and administrators, firmly by these presents, and sealed with our seals, and dated this 15th day of May 1830.

The condition of the above obligation is such, that whereas the above bound Lewis W. R. Phillips, Sally Head, and Nancy Head, have prayed for and obtained an appeal from the seventh circuit court of the United States in and for the Kentucky district, to the supreme court of the United States, in a certain suit in chancery wherein the said Andrew Kincannon was complainant, and Thomas D. Owings, Ralph Phillips, the ancestor of said L. W. R. Phillips, and John L. Head, the husband of said Sally Head, and ancestor of said Nancy Head, were defendants.

Now, if the said Lewis W. R. Phillips, Sally Head, and Nancy Head, shall well and truly prosecute the said appeal with effect, or on failure thereof pay to the said Andrew Kincannon all costs that he incur in the defence thereof, and may be legally awarded against them, the said L. W. R. Phillips, Nancy and Sally Head, then the above obligation to be void, otherwise to remain in full force and virtue.

THOMAS TRIPLETT, [SEAL.]

On the 18th May 1830, the following citation was issued to Andrew Kincannon. Whereas an appeal has been prayed by Lewis W. R. Phillips, sole heir of Ralph Phillips, deceased, and Sally Head, widow, and Nancy Head, the only child of John L. Head, deceased, and is hereby granted to the supreme court of the United States, to reverse a decree of the seventh circuit court of the United States in and for the Kentucky district, at the November term, one thousand eight hundred and twenty-five, wherein the said Andrew Kincannon is complainant, and Thomas D. Owings, &c., with ancestors of said L. W. R. Phillips and S. and N. Head were defendants.

These therefore are to cite and command you that you be and appear in the supreme court of the United States at the city of Washington, on the second Monday in January next,

[Owings and others v. Andrew Kincannon.]

and then and there to be heard, if any thing you have to say upon the said appeal.

Witness my hand, as an associate justice of the supreme court of the United States, and presiding judge of the seventh circuit court of the United States of America in and for the Kentucky district, this 18th day of May 1830.

JOHN M'LEAN,
*Justice Supreme Court United States.*

Mr Bibb, for the appellee, moved to dismiss the appeal, on the ground that the decree of the circuit court of Kentucky was against Thomas Deye Owings, James M. Blakey, Milton Stapp, and Charles Buck, as well as against the appellants; yet the appeal had not been prosecuted by any others than those named in the citation, Lewis W. R. Phillips, Sally Head and Nancy Head.

By the record it appears that the appeal was allowed generally; but the bond is given by L. W. R. Phillips, Sally Head and Nancy Head only. It is therefore the proceeding of those parties only.

No exception is taken to the execution of the bond, as by the decisions of the state courts of Kentucky, and also of the circuit court, a bond requiring surety, in legal proceedings, need not be executed by any but the surety of the parties for whom he has consented to become bound.

Mr Loughborough opposed the motion. He contended that as the appeal had been allowed to all the parties, the bond and citation operated generally, and all the defendants were before the court as appellants. But if this was to be considered as the separate appeal of some of the defendants, it was legal. Cited Coxe v. The United States, 6 Peters, 172. The appearance of the defendant in error, which was entered at January term 1831, and other proceedings on his part, by motion in the case, deprived him of a right to move to dismiss the appeal at this term cited.

Mr Chief Justice MARSHALL delivered the opinion of the court.

VOL. VII.—3 A

This is an appeal from a decree pronounced in the court of the United States for the district of Kentucky, by which Thomas Deye Owings, James W. Blakey, Ralph Phillips, Milton Stapp, John L. Head and Charles Buck were directed to convey and release to the complainant all their right, title and interest in a tract of land mentioned in the decree. An appeal was allowed, and a bond executed by Lewis W. R. Phillips, Sally Head and Nancy Head, the condition of which recites "that, whereas Lewis W. R. Phillips, Sally Head and Nancy Head have prayed for and have obtained an appeal from the seventh circuit court of the United States in and for the Kentucky district to the supreme court of the United States, in a certain suit in chancery wherein said Andrew Kincannon was complainant and Thomas D. Owings, Ralph Phillips, the ancestor of the said L. W. R. Phillips, and John L. Head, the husband of said Sally Head and ancestor of Nancy Head, were defendants.

"Now, if the said Lewis W. R. Phillips shall well and truly prosecute," &c.

The particular statement in the bond is considered by the court as explaining the general entry granting the appeal, so as to show that from a joint decree against six defendants, only two, represented by their heirs, have appealed.

A motion is now made to dismiss this appeal, because the decree being joint, all the parties ought to join in the appeal.

Upon principle it would seem reasonable, that the whole cause ought to be brought before the court, and that all the parties who are united in-interest ought to unite in the appeal. We have however found no precedent, in chancery proceedings, for our government in this case. But in the case of Williams v. The Bank of the United States, 11 Wheat. 114, which was a writ of error, sued out by one defendant to a joint judgment against three, the writ was dismissed; the court being of opinion that it had issued irregularly, and that all the defendants ought to have joined in it.

By the judicial act of 1789, decrees in chancery pronounced in a circuit court could be brought before this court only by writ of error. The appeal was given by the act of 1803. That act declares "that such appeals shall be subject to the

[Owings and others v. Andrew Kincannon.]

same rules, regulations and restrictions as are prescribed by law in cases of writs of error."

Previous to the passage of this act, the decree under consideration could have been brought into this court only by writ of error, in which writ all the defendants must have joined. The language of the act which gives the appeal, appears to us to require that it should be prosecuted by the same parties who would have been necessary in a writ of error. We think also that the same principle would be applicable, from the general usage of chancery, to make one final decree binding on all the parties united in interest.

The appeal must be dismissed, having been brought up irregularly.

On consideration of the motion made in this cause on a prior day of the present term of this court, to wit, on Thursday the 17th day of January, by Mr Bibb, of counsel for the appellee, to dismiss this appeal, on the ground that only two of the parties, represented by their heirs, have joined in this appeal, the decree of the said circuit court being a joint decree against six persons, and of the arguments of counsel thereupon had: It is considered by the court that this appeal be dismissed, because only a part of those against whom the decree was made have joined in the appeal. Whereupon, it is ordered, adjudged and decreed by this court that this appeal be, and the same is hereby dismissed, it having been brought up irregularly. And it is further ordered, adjudged and decreed by this court that said appeal be, and the same is hereby dismissed with costs.