## EX PARTE SAWYER.

A decree of the Circuit Court, affirming, on appeal, a decree of the District Court, which had charged a respondent in admiralty with the payment of a sum of money specified, and decreeing that the appellee in the Circuit Court should recover it; and decreeing further, that unless an appeal should be taken from the said decree of the Circuit Court to the Supreme Court within the time limited by law, a summary judgment should be entered therefor against the stipulators on their stipulations given on appeal from the District Court, is, as to the stipulators, a provisional decree only, and one which on appeal to the Supreme Court becomes inoperative.

Accordingly, though such an appeal be taken from the decree of the Circuit Court, and the decree of that court be affirmed, and the cause remanded

with instructions to the effect " that such execution and proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had," &c., the Circuit Court does not lose its power over its previous order as to summary judgment against the stipulators.

And if, on a review of that order, the Circuit Court, from any reason, think proper to refuse to order execution against the stipulators, this court will not compel it by mandamus to order it. Under such a mandate as that above described the Circuit Court must itself decide whether execution shall issue against the sureties.

On petition for mandamus to the circuit judge for the New York Circuit. The case was thus:

Sawyer and others libelled Oakman in admiralty in the District Court of *Massachusetts* and got a decree against him. Oakman appealed to the Circuit Court for that district, but the presiding justice of it, having been counsel in the cause, or otherwise disqualified, it was transferred, under the act of Congress providing for such cases, to the Circuit Court for New York circuit.*

After this transfer, an order was made in the Circuit Court of New York that the decree of the District Court be carried into effect, unless the appellant gave stipulation by security of himself and two sureties for the payment of all damages and costs on the appeal to the said Circuit Court, and in this court, in the sum of $10,000.

Hereupon Oakman, without its being seen or approved by the court, filed *ex parte* a certificate, intended as " stipulations," signed by the commissioner of the *Massachusetts* circuit, and certifying that Oakman, as principal, and James Lee, Jr., and Wade Davis, as sureties, were bound in $10,000 that Oakman should pay all damages and costs which might be awarded against him in the suit. The paper was not signed by either the principal or the sureties, and herein was not in conformity to the rules about stipulations of the New York circuit.

On subsequently hearing the appeal, the Circuit Court for New York affirmed the decree of the District Court, and

---

* Act of February 28th, 1835; 5 Stat. at Large, 322.

adjudged that the appellees recover of the appellant the sum of $7970.   The decree then proceeded as follows:

" And it is further ordered, adjudged, and decreed that *unless an appeal be taken from this decree within the time prescribed by law,* a summary judgment therefor be entered in favor of the said libellants, appellees, and against James Lee, Jr., and Wade Davis (sureties on appeal from the District Court in the sum of $10,000, the amount of their stipulations by them given on said appeal), and that the said appellees have execution therefor, to satisfy said decree."

Within the time prescribed by law an appeal was taken to this court, where the decree of the Circuit Court was affirmed and the cause remanded with instructions to the effect " that such execution and proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had, the said appeal notwithstanding."   Upon the filing of this mandate the libellants moved the Circuit Court for a decree charging the sureties upon the stipulation and ordering execution against them.   This motion the circuit judge refused to grant, and instead ordered that the sureties show cause, if any they had, why such execution should not issue.   Afterwards, upon cause shown, the court, for the first time, observed the peculiar form of the paper purporting to be the stipulations, and that it was not executed according to its rules.   It accordingly held that the sureties were not liable upon the alleged stipulation, and refused to decree or award execution against them.

The libellants now moved this court for a mandamus requiring the Circuit Court to cause such decree and order to be entered.

*Mr. John Lathrop, in support of the motion :*

1. The judgment against the sureties rendered by the Circuit Court was a final judgment against them, and not a conditional one.   If it was not final against the sureties, it was not against the principal.   Both, so far as the judgment is concerned, stand on the same footing.   If it was not a

final judgment, the Supreme Court had no jurisdiction. The insertion of the words " unless an appeal be taken from this decree within the time prescribed by law" makes no difference in the effect of the decree. If these words were out, execution could not issue in case of an appeal; and the judgment would be suspended. The effect of the decree is to order judgment against the principals and sureties; and they thereupon had the right of appeal. The sureties did not appeal, and they are precluded. The principal did appeal, though not from this decree; and the judgment was affirmed. All that remained for the Circuit Court to do, after receiving the mandate, was to issue execution in accordance with the judgment; nothing was left to its judgment or discretion.

[The learned counsel then went into an argument to show that in the admiralty stipulations need not be signed, citing precedents from Mariott's Formularies;* and that the act of the commissioner of the Federal court for Massachusetts was to be respected in all other Federal courts, and, whether or not, that Lee and Davis, having filed the paper in the New York court, were estopped to set up its irregularity.]

*Mr. E. F. Hodges, contra.*

The CHIEF JUSTICE delivered the opinion of the court.

By the mandate already issued in the case, we have required the Circuit Court to proceed with the execution of its decree in such manner as right and justice shall require. If the court refuses to proceed under that order we may, by mandamus, compel it to do so, but we have no power to control its discretion while proceeding. A superior court may by mandamus set the machinery of an inferior court in motion, but when that has been done its power under that form of proceeding is at an end. The inferior court is supreme within its own jurisdiction so long as it is acting.

The question then is as to the power of the Circuit Court

* Pages 218, 219, 347, 348, 354.

under the mandate from this court to determine whether execution should or should not issue against the sureties in the stipulation.

It is not denied that the liability of the principal respondents was fixed by the decree of the Circuit Court. The appeal took away from that court all power over that part of the decree. Upon the affirmance in this court that liability was conclusively settled, and the mandate left nothing for the Circuit Court but to proceed in the appropriate manner for the collection of the money found due.

But the sureties occupy a different position. No decree was entered against them before the appeal. The order was that a judgment be entered if an appeal was not taken. The appeal was taken, and, therefore, this order never became operative. The case then stood in the Circuit Court upon the return of the mandate without a decree against the sureties, and until such decree was entered there could be no execution as to them. It is true that if the appeal had not been taken the requisite decree might have been obtained, but it is equally true that until a decree is actually entered the court retains the power to withhold it.

At the time of the appeal, therefore, the Circuit Court might have refused to order the execution against the sureties. The decree of this court simply affirmed what had been done by the Circuit Court; it gave no instructions as to what remained to be done, except that it should be as right and justice and the laws of the United States should require. The Circuit Court was left free to determine for itself what was thus required. If, in its opinion, the order in respect to the judgment and execution against the sureties should be carried into effect, it might so adjudge, but if, upon further consideration, right and justice should seem to require a revocation of that order, there was nothing in the mandate to prevent it from so deciding.

Some action by the court was certainly necessary before the execution could issue against the sureties. Such seems to have been the understanding of the libellants, for upon the filing of the mandate they moved for the entry of a de-

cree against these parties and the award of an execution thereon. There could have been no necessity for a motion if the court was not to hear and decide upon the propriety of the action moved for. The power to act upon a motion and determine whether it should be granted necessarily implies the power to refuse to grant it. The Circuit Court, under this power, has acted and has decided that execution ought not to issue against these parties. This decision cannot be reviewed by us upon an application for mandamus. Error or appeal furnishes the only remedy in such a case. ·

There is still another view of the case which shows the correctness of this conclusion. The sureties upon the stipulation are entitled to an appeal from any decree that may be rendered against them. A decree against the principal respondents does not necessarily include them. Additional proof is required before they can be charged. Here the decree was absolute against the principal respondents alone. The order against the sureties was provisional only. They could not appeal from that because it was not final. It is clear, therefore, that the power of the court over that part of the case was not at an end when the appeal was taken, and that if the sureties were to be charged at all it must be by a decree to be entered after the cause was sent back from here. From that decree another appeal must be allowed, or the sureties will be bound by a proceeding to which they were not and could not be parties.

This renders it unnecessary to consider any of the other questions presented in the argument. As it was within the power of the Circuit Court under the mandate from this court to decide whether execution should issue against the sureties, we cannot revise its decision in this form of proceeding.

PETITION DISMISSED.