THE NEW YORK.

(Circuit Court of Appeals, Sixth Circuit. October 13, 1900.)

No. 889.

1. ADMIRALTY—APPEALS—NECESSARY PARTIES.
Sureties on a stipulation entered into under Rev. St. § 941, and the admiralty rules for the release of a vessel seized in a suit for collision, do not become parties to the suit in any such sense as to require that they should be joined in an appeal taken by the claimant, whose sureties they are, from a judgment in the suit, although such judgment is joint in form against the stipulators, unless some extraneous question has

104 F.—36

arisen in the suit, involving the scope of the bond or the obligation of the sureties thereon.

**2. SAME—TIME FOR TAKING APPEAL.**

An appeal from a district court in admiralty to the circuit court of appeals, under Act March 3, 1891, § 11, may be taken any time within six months after the entry of the decree or order appealed from.

**3. SAME—APPEALABLE DECREE.**

A decree entered by a district court in a suit in admiralty, after receipt of a mandate from the supreme court, may be reviewed by an appeal to the circuit court of appeals as to matters not considered by the supreme court, and left open by the mandate.

Appeal from the District Court of the United States for the Eastern District of Michigan.

On motion to dismiss appeal. It appears from the record that a libel was filed by the appellee against the propeller New York to recover the damages sustained by the steamer Conemaugh and her cargo by reason of a collision with the New York. The Union Steamboat Company intervened, as owner of the New York, filed its answer denying all liability, and also gave a stipulation for the release of the propeller, which had been seized under process of the court, which stipulation was signed by the American Surety Company, as surety for the owner. There was a final decree holding the New York liable for all the damages. This decree was reversed upon appeal to this court, the Conemaugh being held alone at fault. 54 U. S. App. 248, 27 C. C. A. 154, 82 Fed. 819. A writ of certiorari was allowed by the supreme court, and the case again heard. That court held both the New York and Conemaugh to be at fault, but that the insurers of the Conemaugh's cargo, who had intervened, were entitled to recover their full damages against the New York, notwithstanding the equal fault of the Conemaugh. The cause was remanded to the district court, with directions to enter a decree in accordance with the opinion of the supreme court. The opinion is reported in 175 U. S. 187, 20 Sup. Ct. 67, 44 L. Ed. ——. Thereupon the district court, on the 24th of March, 1899, entered a decree that all the cargo damages should be paid by the New York, and, in addition thereto, one-half of the damages sustained by the Conemaugh. The appellant sought to recoup the decree in favor of the Conemaugh to the extent of one-half of the cargo damages recovered by cargo owners or their underwriters against the New York. This relief the district court denied. Thereupon appellants applied to the supreme court for a writ of mandamus compelling Judge Swan to grant such recoupment. The writ was denied upon the ground that the mandate had not been disobeyed, in that the question of the right of the New York to recoup one-half of the decree against her for cargo damages from the moiety of damages awarded to the Conemaugh was not passed upon or decided by the court. Thereupon appellants prayed an appeal to this court from the decree of March 24, 1899, which was allowed. The matter now comes on to be heard upon the motion of the appellees to dismiss the appeal thus allowed.

F. H. Canfield and Harvey D. Goulder, for the motion.

C. E. Kremer, opposed.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

LURTON, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

1. The first ground upon which the motion to dismiss the appeal is predicated is because the American Surety Company did not join in the appeal, and has never refused, upon notification, to join in the appeal. It is well settled that all parties against whom a joint judgment or decree is rendered must join in proceedings for review in an appellate court, or that it must appear that those who

have not joined had notice of the application for the appeal or writ of error, and refused or neglected to join therein. Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Mason v. U. S., 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 345; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563. The principle is that the same controversy cannot come up in fragments. To make the doctrine applicable, the controversy must be one to which there are two or more parties jointly interested as parties to the same litigation. If the decree or judgment be joint in form, but in law or fact separable, the mere form of the decree will not make it such a joint decree as to require those nominally joined to unite in appellate proceedings. Hanrick v. Patrick, 119 U. S. 156, 163, 7 Sup. Ct. 147, 30 L. Ed. 396. The decree complained of is, in substance, that the libelant, the Erie & Western Transportation Company, recover from the Union Steamboat Company "and the American Surety Company, its surety, upon the bond or stipulation herein filed," etc., $13,083.33, being one-half of the damages to the said Conemaugh, less one-half of the damages suffered by the New York, and $19,627.67 on account of owners and underwriters of the Conemaugh's cargo, being the amount of cargo damages represented by the said libelant as trustee. Though joint in form, if in law or fact the decree is separable it was not necessary that the surety company should join the Erie & Western Transportation Company in the particular appeal shown to have been allowed in this case. The stipulation upon which the surety company became bound as surety was one entered into under section 941, Rev. St. U. S., and admiralty rule 21. Such a stipulation stands in the place of the vessel, and its obligation is discharged by compliance with the order or decree of the court against the owner or claimant, and the liability may be enforced by "judgment thereon against both the principal and sureties" at the time of rendering the decree in the original cause. The suit or controversy in this case was between the intervening owner or claimant of the New York and the libelant and others, intervening as cargo owners or cargo underwriters. To that controversy the surety upon the stipulation was not a party. Neither does the record indicate that any question arose touching the obligation of the surety company, or in any way involving the terms of the stipulation bond. If any such question had been made, the surety would doubtless have a right to be heard, and to take an appeal from any decree affecting its liability.

The case of Ex parte Sawyers, 21 Wall. 236, 22 L. Ed. 617, has been relied upon by appellees as supporting their motion. In that case a decree was sought in the circuit court against the sureties upon an appeal bond executed upon an appeal allowed to the circuit court from the decree of the district court. The circuit court had directed that the sureties show cause, if any they had, why an execution should not issue against them. This they did, and the circuit court held that they were not liable upon this alleged stipulation. Antecedently there had been an appeal to the supreme court, and the refusal of the circuit court to issue an execution

against the appellants' sureties upon the appeal bond mentioned occurred after the original decree of the circuit court had been affirmed by the supreme court and the cause remanded. Upon the refusal of the circuit court, proceeding under the mandate of the supreme court, to order execution against the sureties aforesaid, an application was made to the supreme court to compel the circuit court to order an execution against the sureties in the stipulation. A mandamus was refused because the supreme court had simply affirmed the decree of the circuit court, and had given no instructions touching anything which remained to be done. The circuit court was therefore left free to determine for itself what was thus required. The decree of the circuit court which had been affirmed had not unconditionally ordered an execution to issue, and some action was therefore necessary before any could issue. When the action of the circuit court was invoked in this respect, the court declined to order execution, because it was of opinion that the sureties were not liable under their stipulation. The action of the circuit court was therefore subject to review only by appeal, and not by mandamus. It is true that the court does add that "the sureties upon the stipulation are entitled to an appeal from any decree that may be rendered against them," and that "a decree against the principal respondents does not necessarily include them." But this language must be interpreted in the light of the facts which the court was then dealing with. The question there was not one arising upon the doctrine of summons and severance, nor did it arise upon such a bond as is here involved. But more important still is the fact that the court was then dealing with a case where it appeared that a question had actually arisen as to the liability of the sureties upon this stipulation. This was a matter wholly extraneous to the matters in controversy between their principal and the appellants, and was a controversy to which they were parties, and therefore entitled to an appeal. The very question presented by the motion now under consideration arose in the circuit court of appeals for the Fourth circuit, in the case of The Glide, reported in 24 C. C. A. 46, 78 Fed. 152, and 18 C. C. A. 504, 72 Fed. 200. It was there held that the sureties upon a stipulation bond for the release of the vessel were in no such sense parties to the controversy as to require that they should be joined in an appeal taken by the owner of the vessel, whose sureties they were. Upon principle, this must be so. Such a bond is not a mere personal security given to the plaintiff, but a security given to the court. It is "a pledge or substitute for the property proceeded against," and the sureties are not parties to the suit, or entitled to interfere in any way with the management of the suit. Williams & B. Adm. Jur. p. 286; Lane v. Townsend, Fed. Cas. No. 8,054. Unless some extraneous question arises, involving the scope or obligation of the sureties in such a bond, they are not necessary parties to an appeal taken by any of the parties to the record. We have also been referred to the case of Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437, as supporting the contention of the appellees. That case did not involve such a stipulation as is here in question. The

sureties there held to be affected by the decree were sureties upon a forthcoming bond executed in an attachment proceeding by claimants who intervened as the owners of the property attached for the debt of another. Neither is the case of Railroad Co. v. Sweeny (C. C. A.) 103 Fed. 342, in point; for that was a case arising under a mechanic's lien statute, which required the plaintiff to make all persons claiming liens against the same property parties defendant to an action for the foreclosure of the lien claimed, where the plaintiff claims such liens to be inferior to his own. It was there held that all persons so made defendants should be notified to join in an appeal taken by the principal defendant from a decree which forever bound and foreclosed every such claim in the property in question. The effect of such a decree was to cut off or subordinate the liens claimed by the parties made defendants as claiming liens in the same property, and, to prevent separate appeals involving the rank of the plaintiff's lien, it was proper they should join, or refuse on notice, in an appeal by the principal defendant, the common debtor. We fail to see any greater reason for regarding the stipulators, sureties in such a bond, as necessary parties to an appeal, than there is for regarding the sureties in a cost bond as parties to the controversy. In both cases the principal controls the litigation, and the sureties are bound by the result. In both cases, if a question arises as to the obligation of the surety, the latter, to the extent of this interest, should be heard, and for this purpose might appeal. Undoubtedly, if the suit is upon a bond, and the judgment is against the surety as well as the principal, both must join. But the reason is that the bond and its obligation is then the thing in controversy, and constitutes the subject-matter of the litigation. To this class of cases the case of Estis v. Trabue belongs.

2. The decree appealed from was entered March 24, 1900. This appeal was taken within six months thereafter. Section 11 of the act of March 3, 1891, under which this court was organized, provides:

"That no appeal or writ of error by which any judgment or decree may be reviewed in the circuit court of appeals under the provisions of this act shall be taken or sued out, except within six months after the entry of the order, judgment or decree sought to be reviewed: provided, however, that in all cases in which a lesser time is now by law limited for appeals or writs of error. such limits of time shall apply to appeals or writs of error in such cases taken to or sued out from the circuit court of appeals."

The contention is that a "lesser time" for appeals was by law allowed when this act was passed, and that such "lesser time" applies to appeals in admiralty causes. This contention is based on the forty-fifth admiralty rule. But that rule applied only to appeals from the district to the circuit court, and had no application to appeals from the circuit court. The appellate jurisdiction of the circuit court was abolished by section 4 of the act of 1891, and this court has been given the appellate jurisdiction formerly vested in the supreme court in admiralty cases. The only law limiting the time within which an appeal may be taken in admiralty cases from the circuit court is that prescribed by the eleventh section of the act of 1891. The appeal was therefore taken in time.

, 3. It is next urged that the decree below was entered in obedience to the mandate of the supreme court, and is therefore not subject to review by this court, and that the appeal should therefore be dismissed. The appellant petitioned the supreme court to require the district court to enter a decree in accordance with its opinion and mandate, by allowing the New York to recoup the decree in favor of the Conemaugh to the extent of one-half of the cargo damages recovered against the New York, the Conemaugh being equally at fault. This relief was denied upon the ground that "no question of recouping one-half of such damages to the cargo from the moiety of damages awarded the Conemaugh was made by counsel or passed upon by the court." Ex parte Union Steamboat Co., 178 U. S. 317, 320, 20 Sup. Ct. 904, 44 L. Ed. 1084. The supreme court further said that:

"Under the cases of The Albert Dumois, 177 U. S. 240, 20 Sup. Ct. 595, 44 L. Ed. 751, and The Chattahoochee, 173 U. S. 540, 19 Sup. Ct. 491, 43 L. Ed. 801, this should have been done. This may be so, but it is an entirely new question, quite unaffected by the case of The New York, and, if the court erred in refusing to allow, such recoupment, the remedy is by appeal, and not by mandamus."

If this was a new question, left open by the mandate and opinion of the supreme court, the district court was at liberty to consider and decide the question of recoupment, entirely unaffected by the mandate, and the action of that court in allowing or denying such recoupment is open to review in this circuit court of appeals only. Mason v. Mining Co., 153 U. S. 361, 14 Sup. Ct. 847, 38 L. Ed. 745. The motion to dismiss the appeal is denied.