## THE BYLANDS.

(Circuit Court of Appeals, Fifth Circuit. March 3, 1916. Rehearing denied April 19, 1916.)

No. 2827.

ADMIRALTY ⚖➾106—APPEAL—PARTIES.

Where joint and several decrees were entered against the claimant of a libeled vessel and the surety on its bond for release, an appeal cannot be maintained by the claimant without the joinder of the surety or a summons and severance.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 721–724; Dec. Dig. ⚖➾106.]

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Suits in admiralty by Busch & Jolles, Incorporated, and other libelants, against the steamship Bylands (Joseph F. Wilson & Co., claimants) and others. From the decrees in the consolidated cause, claimants appeal. Appeal dismissed.

William R. Leaken, of Savannah, Ga., and George Denegre, Victor Leovy, and Henry H. Chaffe, all of New Orleans, La., for appellants.

Samuel Adams and A. Pratt Adams, both of Savannah, Ga., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. In the months of July and August, 1914, the steamship Bylands, under charter from Jacksonville, Fla., to carry general cargo to Antwerp, Rotterdam, Bremen, or Hamburg, one or two ports, proceeded to Jacksonville, where, under the directions of charterers, she loaded 1,575 tons of phosphate destined for Hamburg, and from there according to orders proceeded to Savannah, Ga., where she completed her cargo with naval stores, logs, etc., also destined to Hamburg, completing her loading August 6th. On August 14th, by reason of declaration of war between Great Britain and Germany, the master, under instructions from owners, canceled the voyage, notifying shippers and charterers. Thereupon Busch & Jolles, incorporated under the laws of the state of New York, filed

its libel in rem against the steamship Bylands and the South Atlantic Steamship Line, agent and charterer, in personam, to recover for goods shipped, damages, and prepaid freight. The ship was seized and monition published, and on the same day the Standard Naval Stores Company, instead of intervening, also filed an independent libel in rem against the steamship Bylands and against the South Atlantic Steamship Line in personam, also to recover prepaid freight and damages, and thereon admiralty warrant was issued and monition published, and the South Atlantic Steamship Line, charterer and ship agent, filed its independent libel against the steamship Bylands practically for an accounting.

The steamship Bylands was claimed by Spink, master, under the libel of Busch & Jolles, and again under the libel of the Standard Naval Stores Company, and again under the libel of the South Atlantic Steamship Line, for Joseph F. Wilson & Co., owners, and on giving deposit bonds in favor of each libelant, with the National Surety Company of New York as surety on each bond, the ship was released.

Thereafter the several libels and cross-libels, etc., were put at issue. Whereupon the court, on the 18th day of February, 1915, necessarily consolidated the several causes, to wit, the Standard Naval Stores Company against the steamship Bylands, and the South Atlantic Steamship Line against the steamship Bylands, with the cause of Busch & Jolles against the steamship Bylands, and ordered the case to proceed as a consolidated cause under the title thereafter of Busch & Jolles v. The Steamship Bylands. Afterwards the case came to trial, and on hearing the evidence the court, on March 4, 1915, rendered the following decree:

"The above causes having been consolidated under decree of this court and having been heard together, and after considering the testimony offered in the said cause, and the pleadings of the parties: It is therefore considered, ordered, and decreed as follows:

"1. That Busch & Jolles, Incorporated, libelant, do recover jointly and severally from the South Atlantic Steamship Line in personam, and in rem against the steamship Bylands, her tackle, apparel, engines, boilers, and furniture, and against Jos. F. Wilson & Co., owners and claimants, as principals, and National Surety Company of New York, surety, on the bond of the said owners of the said steamship Bylands, claimants in said case, the sum of twenty-five hundred and forty-nine dollars and nine cents ($2,549.09) with interest at seven per cent. (7%) per annum from August 1, 1914, until payment thereof, together with the costs, in said case of Busch & Jolles, Incorporated, against the said South Atlantic Steamship Line and steamship Bylands, her tackle, apparel, engines, etc., and the further sum of eighteen dollars against the said steamship Bylands, her engines, boilers, tackle, etc., and against the said owners, Jos. F. Wilson & Co., of said steamship, claimants in said case, and against the said surety on the bond of the said claimants and owners, Jos. F. Wilson & Co., in said case.

"2. It is further ordered and decreed that the Standard Naval Stores Company do recover jointly and severally from the South Atlantic Steamship Line in personam, and in rem against the said steamship Bylands, her engines, boilers, etc., and against Jos. F. Wilson & Co., owners and claimants, as principals, and against the National Surety Company of New York, surety on the bond of said owners and claimants in said case of Standard Naval Stores Company, libelants, against the South Atlantic Steamship Line and the steamship Bylands, her engines, etc., the sum of sixteen hundred and twenty-five

dollars and fifty-nine cents ($1,625.59), with interest at seven per cent. (7%) per annum from July 27, 1914, until payment thereof, together with costs of court in said case of Standard Naval Stores Company, Libelant, v. South Atlantic Steamship Line and steamship Bylands.

"3. It is further decreed, as between the South Atlantic Steamship Line, libelants, and the steamship Bylands, her engines, boilers, etc., that the said South Atlantic Steamship Line shall recover of the said steamship Bylands, her tackle, etc., and the owners and claimants, Jos. F. Wilson & Co., principals, and the National Surety Company of New York, surety, the sum of one thousand one hundred and three dollars and sixty-eight cents ($1,103.68), with interest at seven per cent. (7%) per annum from August 1, 1914, until paid, together with costs in said case of South Atlantic Steamship Co. v. Steamship Bylands, etc., said sum representing the balance due said South Atlantic Steamship Line on account of disbursements and earnings, after deducting certain prepaid freight money received by the said South Atlantic Steamship Line on account of the said steamship Bylands.

"4. It is further decreed that, should the said South Atlantic Steamship Line, being a joint and several respondent in the decrees given in paragraphs 1 and 2 of this decree, within twenty days from this date pay over to the libelant, Busch & Jolles, the amount decreed in the first paragraph of this decree, and to the Standard Naval Stores Company, libelant, the amount decreed to it in the second paragraph of this decree, such amounts paid shall be added to the amount decreed to the South Atlantic Steamship Line in paragraph 3 of this decree, and shall be recovered as against the steamship Bylands, her tackle, etc., and Joseph F. Wilson & Co., principals, and National Surety Company of New York, surety, on her bond, so that in the event of such payment by the South Atlantic Steamship Line to the said libelants Busch & Jolles, Incorporated, and Standard Naval Stores Company, as set forth in this paragraph 4, the said South Atlantic Steamship Line shall recover of the said steamship Bylands, as above set out, the amount of five thousand two hundred and seventy-eight dollars and thirty-six cents ($5,278.36), together with the interest to be calculated as herein set forth.

"5. It is further decreed that, should the said steamship Bylands, her tackle, etc., against whom judgments have been rendered in paragraphs 1 and 2 of this decree jointly and severally with the South Atlantic Steamship Company, or their owners and claimants, Jos. F. Wilson & Co., principals, or the National Surety Company of New York, surety, on said bond, pay to the said Busch & Jolles, Incorporated, and to the said Standard Naval Stores Company, libelants, the amounts so decreed to them in paragraphs 1 and 2 of this decree, within twenty days from this date, then in that event the said steamship Bylands, her tackle, etc., or the said Jos. F. Wilson & Co., principals, and the National Surety Company of New York, surety, shall be liable to the said South Atlantic Steamship Line only for the amount decreed to said South Atlantic Steamship Line in paragraph 3 of this decree, namely, the sum of $1,103.68, together with interest thereon to be calculated as set forth in said paragraph of this decree.

"6. Upon the expiration of such period of twenty days, let execution issue upon application.

"This 4th day of March, 1915.       , Emory Speer, United States Judge."

On May 21st the following petition for an appeal and order rendered thereon were filed, to wit:

"And now come Jos. F. Wilson & Co., respondents, claimants and owners of the steamship Bylands, her tackle, etc., in the above-entitled cause, by their proctor, William R. Leaken, and having filed with the clerk of said District Court a notice of appeal and assignment of errors, prays this honorable court:

"First. To allow an appeal to the United States Circuit Court of Appeals for the Fifth Circuit from the final decree of the court entered the fourth day of March, 1915, which said decree provided for its finality under certain conditions therein stated within twenty days from the said date of said decree, and

from the whole thereof, and that the record in said case may be duly transcribed and certified to said United States Circuit Court of Appeals, to be heard upon the pleadings and proofs as shown by said record.

"Second. That the court will fix the amount of additional and sufficient bond to secure the costs and interest on appeal and just damages for any delay therein.

"Third. That citation issue, if necessary.          William R. Leaken,
          "Proctor for Respondent, etc., and Appellant.

"Appeal approved, bond for damages and all costs fixed at one thousand dollars, with sufficient surety, without question of supersedeas being pressed [passed] upon.

"Citation waived.

"In open court, this May 28, 1915.          W. W. Lambdin, U. S. Judge."

On May 29th an appeal bond was given as follows:

"Know all men by these presents, that we, Jos. F. Wilson & Co., respondents and claimants in the above-stated consolidated causes, by their proctor of record, William R. Leaken, and William F. McCauley, of Savannah, Georgia, surety, are held and firmly bound unto the South Atlantic Steamship Line, libelant, its successors and assigns, in the sum of one thousand dollars, for the payment of which, well and truly to be made, we bind ourselves and each of us, our and each of our heirs, executors, administrators, successors, and assigns, jointly and severally by these presents.

"Sealed with our seals and dated the 29th day of May, 1915.

"Whereas, Jos. F. Wilson & Co., as appellant, has prosecuted an appeal to the United States Circuit Court of Appeals for the Fifth Circuit from a decree of the District Court of the United States, bearing date the fourth day of March, 1915, which said decree provided for its finality under certain conditions therein stated within twenty days from the said date of said decree, in the above-stated consolidated causes wherein the South Atlantic Steamship Line is libelant against the steamship Bylands, her tackle, etc.

"Now, therefore, the condition of this obligation is such that if the above-named appellant, Jos. F. Wilson & Co., shall prosecute said appeal with effect, and pay any damages and all costs which may be awarded against them as such appellant if the appeal is not sustained, then this obligation shall be void, otherwise the same shall be and remain in full force and effect.

          "Jos. F. Wilson & Co.,
          "By William R. Leaken, Proctor of Record.
          "William F. McCauley, Surety.

"Sealed and delivered, and taken and acknowledged this 29th day of May, 1915, before me.          J. C. Morcock, Deputy Clerk.

"Approved this 29th day of May, 1915.          W. W. Lambdin, U. S. Judge."

Indorsement:

"Filed in office this May 27, 1915.          J. C. Morcock, Deputy Clerk."

The record does not show any return day for the appeal, nor that any citation was issued. The transcript was filed in this court September 8, 1915, whereupon the South Atlantic Steamship Line, through its proctors, filed a motion to dismiss the appeal for numerous reasons, but mainly for the reason that the necessary parties to give this court jurisdiction were not made parties to the appeal. The transcript shows that neither Busch & Jolles, Incorporated, nor the Standard Naval Stores Company, in whose favor judgment was rendered jointly and severally against the appellant and the National Surety Company of New York and the South Atlantic Steamship Line, were made parties. Nor was the National Surety Company of New York, which was jointly and severally bound with the appellant, made a party. It does not appear that the Surety Company was

asked to join in the appeal, nor was there any summons and sever-ance.

It is contended for the appellant that Busch & Jolles, Incorporated, and the Standard Naval Stores Company were not necessary par-ties to this appeal, on the ground that the decree as to them is sep-arable as to the issues between the appellant and appellee, and be-cause of certain matters alleged to have occurred after the appeal was taken they have no further interest in the decree. It is not necessary for us to pass upon this phase of the appellant's contention, because certainly the National Surety Company of New York was a neces-sary party, not to be dispensed with unless there was a summons and severance.

The case seems to be entirely covered and controlled by Estis v. Trabue, 128 U. S. 225, 229, 9 Sup. Ct. 58, 59 [32 L. Ed. 437]. We quote as follows:

"But there is another difficulty in the present case, which cannot be reach-ed by an amendment in or by this court under section 1005. The judgment is distinctly one against 'the claimants, and C. F. Robinson and John W. Dillard, their sureties in their forthcoming bond,' jointly, for a definite sum of money. There is nothing distributive in the judgment, so that it can be re-garded as containing a separate judgment against the claimants and an-other separate judgment against the sureties, or as containing a judgment against the sureties, payable and enforceable only on a failure to recover the amount from the claimants, and execution is awarded against all of the par-ties jointly. In such a case the sureties have the right to a writ of error. Ex parte Sawyer, 21 Wall. 235, 240 [22 L. Ed. 617].

"It is well settled that all the parties against whom a judgment of this kind is entered must join in a writ of error, if any one of them takes out such writ, or else there must be a proper summons and severance, in order to allow of the prosecution of the writ by any less than the whole number of the de-fendants against whom the judgment is entered. Williams v. Bank of the United States, 11 Wheat. 414 [6 L. Ed. 508]; Owings v. Kincannon, 7 Pet. 399 [8 L. Ed. 727]; Heirs of Wilson v. Life & Fire Ins. Co., 12 Pet. 140 [9 L. Ed. 1032]; Todd v. Daniel, 16 Pet. 521 [10 L. Ed. 1054]; Smyth v. Strader, 12 How. 327 [13 L. Ed. 1008]; Davenport v. Fletcher, 16 How. 142 [14 L. Ed. 879]; Mussina v. Cavazos, 20 How. 280 [15 L. Ed. 878]; Sheldon v. Clifton, 23 How. 481, 484 [16 L. Ed. 429]; Masterson v. Herndon, 10 Wall. 416 [19 L. Ed. 953]; Hampton v. Rouse, 13 Wall. 187 [20 L. Ed. 593]; Simpson v. Greeley, 20 Wall. 152 [22 L. Ed. 338]; Feibelman v. Packard, 108 U. S. 14 [1 Sup. Ct. 138, 27 L. Ed. 984]. Where there is a substantial defect in a writ of error, which this court cannot amend, it has no jurisdiction to try the case. Heirs of Wilson v. Life and Fire Ins. Co., 12 Pet. [supra.] It will then, of its own motion, dismiss the case, without awaiting the action of a party. Hilton v. Dickinson, 108 U. S. 165, 168 [2 Sup. Ct. 424, 27 L. Ed. 688]."

The appeal is dismissed.