### ELLIOT v. LOMBARD.

#### No. 6816.

Circuit Court of Appeals, Fifth Circuit.

Aug. 4, 1933.

SIBLEY, Circuit Judge, dissenting.

Wm. A. Van Siclen and Merritt Barton, both of Ancon, Canal Zone, for appellant.

Purnell M. Milner, of New Orleans, La., L. S. Carrington, of Ancon, Canal Zone, and Carlos Icaza A., of Panama City, R. P., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Lombard, owner of the motor ship Lucky Girl and a sand barge, filed a libel in rem against the motor ship Real and in personam against her owner, Elliot, to recover damages for a collision between the said vessels. The Real was seized under admiralty process, was claimed by Elliot as owner, and was released on a stipulation with the United States Fidelity & Guaranty Company as surety. The condition of stipulation was as follows: "Now, therefore, the condition of this stipulation is such that if the stipulators undersigned, shall at any time, upon the interlocutory or final order or decree of the said District Court, or of any Appellate Court to which the above named suit may proceed, and upon notice of such order or decree to Vansiclen and Boggs, Esquires, Proctors for the Claimant of the said Motorship Real, abide by and pay the money awarded by the final decree rendered by the Court or the Appellate Court if any appeal intervene, then this stipulation to be void otherwise to remain in full force and virtue."

Thereafter Elliot filed an answer and a cross-libel in rem against the Lucky Girl, and she was released on conditions similar to those above set out, and upon which the United States Fidelity & Guaranty Company was also surety. Testimony was taken before the judge in open court, and a final decree was entered on August 27, 1932, the material part of which is in the following words and figures:

"Ordered, adjudged and decreed, that the libelant herein do have and recover from the respondent herein the sum of $6,321.29, with interest thereon at the rate of 6% per annum from the 31st day of July, 1930, together with the libelant's costs taxed in the sum of $117.20, with interest thereon until paid; and it is further

"Ordered, adjudged and decreed, that unless this decree be satisfied or an appeal taken within ten days after service of a copy of this decree with notice of entry upon the respondent or his proctor, execution issue against Hans Elliott, respondent, and the United States Fidelity and Guaranty Co., his stipulators for costs and value, their goods, chattels and lands to satisfy this decree; and it is further

"Ordered, adjudged and decreed that the cross-libel herein be dismissed at cross-libellant's costs."

On April 19, 1933, shortly before the hearing in this court, Lombard, appellee, filed a motion to dismiss the appeal on the ground that the surety company was not made a party to the appeal, was not asked to join in the appeal, and there had been no summons or severance. On April 22, 1933, the United States Fidelity & Guaranty Company, the surety on the stipulation, filed a motion in this court to join with Elliot in prosecuting the appeal, expressly waiving issuance and service of citation. At the same time Elliot moved for leave to amend his appeal to include the surety company as a party appellant.

On questions presented by the above motions the decisions are not harmonious, particularly with regard to admiralty stipulations for the release of vessels. It is settled by a long line of decisions that, if a joint judgment is rendered, all the parties must join in the appeal, or there must be a summons and severance or notice equivalent thereto or an appeal by one party will be dismissed. In the case of The Bylands, 231 F. 101, we held that the surety on a release bond in admiralty was a necessary party to the appeal, and, the surety not having appealed, there being no summons and severance or notice equivalent, the appeal was dismissed. In that case certiorari was denied. 241 U. S. 679, 36 S. Ct. 727, 60 L. Ed. 1233. In the case of The Mary B. Curtis, 250 F. 9, we adhered to the ruling in The Bylands that the surety was an indispensable party, but, after an extensive review of the authorities, granted a motion on behalf of the surety to be made a party to the appeal and overruled a motion to dismiss. In the case of The Glide, 72 F. 200 (C. C. A. 4th Circuit), where the judgment was joint in form, it was held that the stipulators on a release bond were not parties to the case, although bound by the re-

664

sult, and not necessary parties to the appeal. A similar ruling was made in the case of The New York, 104 F. 561 (C. C. A. 6th Circuit), and in the case of Munson S. S. Line v. Miramar S. S. Co., 167 F. 960, 961 (C. C. A. 2nd Circuit) the same ruling was had, apparently on the ground that the trial was de novo in the appellate court where the whole case was open. However, in the recent case of Hartford Accident & Indemnity Co. v. Bunn, 285 U. S. 169, 52 S. Ct. 354, 76 L. Ed. 685, where a joint judgment was rendered by the Supreme Court of Mississippi against appellant and the surety on the appeal bond (Hartford Accident & Indemnity Co. v. Natchez Inv. Co., 161 Miss. 198, 132 So. 535, 135 So. 497), it was held, after an extensive review of the authorities, that the surety was an indispensable party to a writ of error to the Supreme Court and a motion to join in the appeal, made after the time for appeal had expired, came too late and could not be entertained. In that case the decision in The New York (C. C. A.) 104 F. 561, which is typical of that line of cases, was expressly disapproved.

Whether a judgment is joint depends on substance rather than form. The test is whether the same relief is granted against all the parties. Freeman on Judgments (5th Ed.) § 100. Compare Hampton v. Rouse, 13 Wall. 187, 20 L. Ed. 593; Simpson v. Greeley, 20 Wall. 152, 22 L. Ed. 338; Hanrick v. Patrick, 119 U. S. 156, 7 S. Ct. 147, 30 L. Ed. 396; Ex parte Sawyer, 21 Wall. 235, 22 L. Ed. 617. A stipulation to release a vessel seized under admiralty process is statutory. R. S. § 941 (28 USCA § 754). The statute provides that judgment thereon against both principal and surety may be recovered at the time of rendering the decree in the original cause. When such a bond is given, it is a substitute for the vessel. Gray v. Hopkins-Carter Hardware Co. (C. C. A.) 32 F.(2d) 876. A final judgment could have been rendered against the principal and surety on the stipulation in this case. The Belgenland, 108 U. S. 153, 2 S. Ct. 383, 27 L. Ed. 685. It is erroneous to say that the surety on a release bond in admiralty is not a party to the suit, although in the usual procedure he takes no part in the conduct of the case. The judgment in the instant case is somewhat ambiguous, in that it decrees that the libelant recover from the respondent, and that paragraph is silent as to the surety. But the intention of the court is made certain by the succeeding paragraph, which orders execution to issue against both the respondent and the surety on the stipulation without the

necessity of any further proceeding. Of course, execution may be suspended pending any appeal, and, if the respondent should pay the judgment, there would be no liability on the surety. But, in the contingency that the judgment would not be paid, and no appeal was taken by the principal or upon an affirmance by this court, the libelant was at liberty to proceed to collect his judgment from the surety alone. The judgment was final, and the liability of the surety was not contingent. The interests of the principal and surety in the judgment were identical. It follows that the judgment appealed from was joint, and the surety was an indispensable party to the appeal. There was no summons and severance or equivalent proceeding. The motions to make the surety a party to the appeal came too late, as the time for appealing had long since expired.

The case of Ex parte Sawyer, 21 Wall. 235, 22 L. Ed. 617, has been cited as contrary to the above conclusions as to the necessity of the surety joining in the appeal. While that case was in admiralty, it appears from the statement of the case that the libel was in personam. Therefore the bond given on appeal from the District to the Circuit Court did not take the place of the vessel. We do not consider that case in point.

Appeal dismissed.

SIBLEY, Circuit Judge (dissenting).

By the Act of March 3, 1803, R. S. § 1012, appeals to the Supreme Court were made subject to the same rules, regulations, and restrictions as are or may be prescribed for writs of error. The uniformity fixed by the act of 1803 was held to extend to the common-law rules as to joinder of parties. Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727; Clifton v. Sheldon, 23 How. 481, 16 L. Ed. 429; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; The Protector, 11 Wall. 82, 20 L. Ed. 47. A like provision appears in 28 USCA § 880, as applying to all appeals from the District Court and in section 2 of the Act of January 31, 1928 (28 USCA § 861 (b). No doubt an appeal in admiralty to the Circuit Court of Appeals falls under the common-law rules for writs of error under these later statutes. Accordingly Hartford Accident Co. v. Bunn, 285 U. S. 169, 52 S. Ct. 354, 76 L. Ed. 685, is controlling authority in the case at bar. That case settles that United States Fidelity & Guaranty Company cannot be made a co-appellant now, after the time for appeal has expired, if it should have joined in the appeal originally. It does not hold that the surety on a bond to pay the final

judgment is always a necessary party to an appeal from a judgment which would have been final but for the appeal. The weight of authority is to the contrary. Ex parte Sawyer, 21 Wall. 236, 22 L. Ed. 617; Evans v. Cheyenne Co., 20 Wyo. 188, 122 P. 588, Ann. Cas. 1914D, 1116 and note; Thomas v. Price, 88 Ga. 533, 15 S. E. 11; Halliday v. Wright, 43 Fla. 46, 29 So. 534; The Glide (C. C. A.) 72 F. 200; The New York (C. C. A.) 104 F. 561. But it does hold, following Estis v. Trabue, 128 U. S. 225, 9 S. Ct. 58, 32 L. Ed. 437, that, if the judgment appealed from is on its face a joint one against the surety, he must join, and the court will not look beyond the face of the judgment to see what sort of a surety he really was. To me this decree seems on its face evidently not joint, but that the only effective parts of it are against Elliot alone, the respondent below. There are three distinct judgments in separate paragraphs. The first is: "Ordered, adjudged and decreed that the libellant do have and recover of the respondent" certain sums. This is the decree in the original cause. The surety, United States Fidelity & Guaranty Company, is not mentioned in it. The second is: "It is further ordered, adjudged and decreed that unless this decree be satisfied or an appeal taken within ten days after service of a notice of entry upon the respondent or his proctor, execution issue against Hans Elliott, respondent, and United States Fidelity & Guaranty Company, his stipulators * * * to satisfy this decree." This is the summary judgment on the stipulation which by the provision of 28 USCA § 754, "may be recovered at the time of rendering the decree in the original cause." It is not the same thing as the decree in the original cause, though often included in it, but is an additional judgment on the stipulation, gotten against the parties to it without additional proceedings therefor. The third judgment is: "Ordered, adjudged and decreed that the cross-bill be dismissed." United States Fidelity & Guaranty Company is a party to the second of these judgments only, and that judgment is but provisional. For it to be made operative there must be proof of service of a notice on the respondent or his proctors of the rendition of the first judgment and proof of the lapse of ten days thereafter without payment or appeal, consideration of which would perhaps require further judicial action. But in fact there was an appeal within ten days, so that by its own terms this judgment never became operative. There was nothing for the United States Fidelity & Guaranty Company to appeal from. It was not, however, discharged from its stipulation, for, if its condition be looked to, it shows an obligation to "pay the money awarded by the final decree rendered by the court or the appellate court if any appeal intervenes." A summary judgment can be entered on the stipulation so soon as a truly final decree in the cause is had, although rendered on a mandate from this court. A joint decree might have been made on the trial below, but it was not.

This case is not distinguishable from Ex parte Sawyer, 21 Wall. 236, 22 L. Ed. 617. The stipulation there involved was one for an appeal from the District Court to the Circuit Court under R. S. § 1000 (28 USCA § 869). Summary judgment can be entered thereon just as on a stipulation under 28 USCA § 754; Pease v. Rathbun-Jones Co., 243 U. S. 273, 278, 37 S. Ct. 283, 61 L. Ed. 715, Ann. Cas. 1918C, 1147. A decree was rendered by the Circuit Court much like the one here, that is, first, a judgment in the cause against the respondent alone, and, second, "it is further ordered, adjudged and decreed that unless an appeal be taken from this decree within the time allowed by law" judgment be entered against respondent and his surety, with execution. An appeal was taken by the respondent alone. The decree was not considered to be a joint one. The court says: "No decree was entered against them (the sureties) before the appeal. The order was that a judgment be taken if an appeal was not taken. The appeal was taken and therefore the order never became operative. * * * Here the decree was absolute against the principal respondents alone. The order against the sureties was provisional only. They could not appeal from it because it was not final." In the decree before us the order for a joint execution implies a joint judgment for it to issue on, but the implied judgment and the execution are subject to the condition that payment or appeal of the principal judgment does not occur within ten days. In Estis v. Trabue, 128 U. S. 225, 9 S. Ct. 58, 59, 32 L. Ed. 437, in holding the judgment there involved to be joint, it was said: "There is nothing distributive in the judgment, so that it can be regarded as containing a separate judgment against the claimants and another separate judgment against the sureties, or as containing a judgment against the sureties payable and enforceable only on a failure to recover the amount from the claimants." In the present case we have a separate judgment against Elliot, and the judgment against United States Fidelity & Guaranty Company is enforceable only after failure for ten days after notice to get the money from Elliot. I

think we ought to review the first and third judgments in the decree and ignore the second as not of force by its own terms.