## CENTURY INDEMNITY CO. v. NEW YORK TANK BARGE CO.

### No. 13723.

District Court, E. D. New York.

Dec. 4, 1933.

Leo E. Sherman, of New York City (Leo E. Sherman and Miriam Davidson Standard, both of New York City, of counsel), for libelant.

Foley & Martin (by J. A. Martin), of New York City, for respondent.

CAMPBELL, District Judge.

In this suit the libelant as assignee of Gulf Refining Company seeks to recover from the respondent the sum of $3,500, alleged to be damages arising out of an agreement of charter.

On or about the 7th day of October, 1929, a libel was filed in the United States District Court for the Southern District of New York, by Gulf Refining Company, assignor of the libelant herein, against the present respondent, New York Tank Barge Company, on contract, and the tug H. G. Tisdale, on tort, to recover damages alleged to have been

caused by the respondents in that action, for injury to the Gulf Refining Company's barge Cayuga.

The present libelant, the Century Indemnity Company, became the surety in that action upon a stipulation for value in the sum of $3,500, to release the libel which the Gulf Refining Company had filed against the tug H. G. Tisdale.

Negotiations for settlement were had, which resulted in a settlement with the present libelant, the Century Indemnity Company, as such stipulator for value, paying to the Gulf Refining Company, the libelant therein, the sum of $2,400.

Thereafter and on the 22d day of November, 1932, the aforesaid action brought by the Gulf Refining Company against New York Tank Barge Company and the tug H. G. Tisdale was discontinued upon the consent of the libelant, the Gulf Refining Company, and the then respondent New York Tank Barge Company; the consent of New York Tank Barge Company, respondent in that action and this action, by Foley & Martin its proctors, being given on the understanding that a release to it be given by Gulf Refining Company.

A release was subsequently executed by the Gulf Refining Company to the Century Indemnity Company, New York Tank Barge Company, Spentonbush Fuel Company, and the tug H. G. Tisdale, and delivered to the libelant herein, the Century Indemnity Company.

The libelant herein, the Century Indemnity Company, obtained from the libelant in the former action, Gulf Refining Company, an assignment of all its right, title, and interest in and to any claim of Gulf Refining Company against New York Tank Barge Company and the steam tug H. G. Tisdale, for damages sustained by its barge Cayuga while in tow of the tug H. G. Tisdale, on or about October 3, 4, and 5, 1927, under Bond No. S–1928, or otherwise.

Bond No. S–1928 was the stipulation for value in the action brought by Gulf Refining Company against New York Tank Barge Company and the tug H. G. Tisdale, in the Southern District as aforesaid.

On October 1, 1927, the Gulf Refining Company chartered to the respondent, New York Tank Barge Company, the barge Cayuga, 5,000 barrels' capacity, for a delivery of 28-gravity oil; time to commence when barge is taken away from its dock on Monday next and until she is returned thereto.

By the terms of said charter, in addition to other provisions, the barge was to be returned to Gulf Refining Company in the same good condition as received by New York Tank Barge Company, usual wear and tear on appurtenances and gear excepted, and the rate for the hire was to be $125 per day, exclusive of towing, which was to be for the account of New York Tank Barge Company and at its risk, and fractions of days to count as half days.

The barge Cayuga was returned in a damaged condition.

On October 3, 1927, the barge Cayuga was delivered to New York Tank Barge Company, and was at that time tight, staunch, strong, and in a seaworthy condition, and was loaded at the Sinclair Oil Refining plant at Warners, N. J., from which she was taken to Stanton street, East River, by the tug Tisdale.

She had a full load of light oil.

The barge carried about 5,000 barrels.

She had three double tanks and was constructed of steel, 135 feet long, 34 feet wide, draft light 2 feet, loaded as she was on this occasion 8½ feet, and with a freeboard of about 1½ feet.

The tug Tisdale took the barge Cayuga in tow alongside on her port side about 11 o'clock a. m., on October 4, 1927, at Stanton street, Brooklyn, bound for the dock of the Sylvester Oil Company, at Mt. Vernon. The barge dragged bottom for about two miles before she reached the dock at City Island, where they tied up and waited for the water to rise. At about 4 or 4:30 o'clock p. m., the tide being flood at the time, the tug Tisdale with the Cayuga in tow left the dock at City Island and proceeded up East Chester creek, where the barge took the bottom about 5:30 o'clock p. m. The tug Tisdale was unable to float the barge Cayuga from her position alongside, and the tug put out a line from her bow to the stern of the Cayuga, and pulled on first one side and then on the other in a twisting sort of movement, until she finally floated the barge, at about 6:30 o'clock p. m. They proceeded until about 7 o'clock p. m., when the captain of the barge was ordered by the Tisdale to anchor in the middle of the channel on account of the low water. At 5:30 o'clock a. m. on the following day, the Tisdale again took the Cayuga in tow alongside and proceeded toward Mt. Vernon. The barge again went aground beyond the last bridge at Mt. Vernon, where she took a five-foot list. The port after corner was com-

pletely out of water and her forward starboard corner was flush with the water. While the barge was in this position she started to leak. A sewer emptied into the creek about off the Cayuga's port after corner. The silt deposit from this sewer made a high ridge, on which the Cayuga was resting. The barge lay in that position until the next high water around 4 o'clock p. m., when she floated and proceeded to her destination. She again went aground about 25 feet off the dock of the Sylvester Oil Company, and remained aground until the next flood tide. During this time her cargo was pumped out of her.

As a result of the negligent towing of the tug Tisdale, the barge Cayuga received the damage for which recovery was sought in the first action in the Southern District, and for which libelant as assignee seeks to recover in this action.

Assuming it to be the law that the charterer was liable to the barge owner for the negligence of the tug, the fact remains that the tug was primarily liable for its negligence. It was made a party to the original suit brought by the barge owner as libelant, and if it had not been made a party, it might have been impleaded by the present respondent under the fifty-sixth rule in Admiralty (28 USCA § 723).

Of course, if the tug had been unable to or failed to respond, the present respondent as charterer would have been compelled to respond, but would have had a right over against the tug for whatever the present respondent had to pay.

The libelant in the original suit, the assignor of the libelant in the present suit, settled its claim with the tug, which had been discharged on the giving of a stipulation for value by the present libelant.

I am firmly convinced that the consent of the proctors of the present respondent to the discontinuance of that suit, and the discharge of the stipulation for value, was given with the understanding that the suit had been finally settled by the party primarily liable, and that as a condition therefor a release was promised.

If this were not so, the present respondent would be without remedy, and I cannot believe there was any such intent.

The tug having furnished a stipulation for value cannot again be seized, and the stipulation for value being canceled, the present respondent would be without remedy.

The delivery of the release to the present libelant was not solely for its benefit, but also for the benefit of the present respondent; its being furnished being a condition of the giving of the consent to discontinue by the proctors for the present respondent.

If in the original action recovery was sought against the present respondent for negligence, then it and the tug were joint feasors, and the release of the tug released the respondent.

If in the original action recovery was sought against the present respondent on its contract of charter, then the tug was primarily liable and the present respondent only secondarily liable, and the settlement of the action by the respondent tug which was primarily liable, and the giving by the then libelant of the release, was for the benefit of the present respondent.

All of the facts with reference to the settlement of the original action were known to the present libelant, which was the stipulator for value of the tug and as such a party to that action (Elliott v. Lombard (C. C. A.) 66 F.(2d) 662, 1933 A. M. C. 1299), when it took the alleged assignment of claim from the libelant in the original action, and by that assignment took nothing by way of claim against the present respondent as the claim of the libelant in that action had been fully satisfied and released.

A decree may be entered in favor of the respondent against the libelant, dismissing the libel herein, with costs.

Settle decree on notice.

If this opinion is not considered a sufficient compliance with rule 46½ of the Rules in Admiralty (28 USCA § 723), proposed findings of fact and conclusions of law in accordance with this opinion may be submitted for the assistance of the court, as provided by the rules of this court.