CENTRAL TRUST COMPANY OF NEW YORK, Plaintiff, *v.* THE PITTSBURGH, SHAWMUT AND NORTHERN RAILROAD COMPANY and Others, Respondents.

CENTRAL TRUST COMPANY OF NEW YORK, as Trustee of the Mortgage of THE CENTRAL NEW YORK AND WESTERN RAILROAD COMPANY, Dated December 15, 1892, Appearing Specially, Appellant.

Fourth Department, October 20, 1916.

**Mortgage** — foreclosure of trust mortgage on railroad properties — receiver's certificates — amendment of orders for purpose of giving priority to certificates over lien of first mortgage — constitutional law — failure to afford bondholders opportunity to be heard.

Where the receiver appointed in a suit to foreclose a second trust mortgage on the properties of a railroad corporation, pursuant to an order of the court in that suit issued receiver's certificates, but the holders of bonds secured by a first mortgage on the railroad property were not made parties to the foreclosure of the second mortgage and had no notice of the receiver's application for leave to issue certificates of indebtedness, the court has no power subsequently to amend its orders *nunc*

*pro tunc* so as to set forth facts relating to the first mortgage and make the trustee thereunder a party in the suit to foreclose the second mortgage for the purpose of giving priority to the receiver's certificates over the lien of the first mortgage. And this, irrespective of whether the funds realized upon the receiver's certificates inured to the benefit of the holders of the first mortgage bonds, for said bondholders have not had their day in court and the opportunity to be heard, to which they are entitled.

APPEAL by Central Trust Company of New York, as trustee, appearing specially, from an order of the Supreme Court, made at the Allegany Special Term on the 22d day of January, 1916, as resettled by an order entered in the office of the clerk of the county of Allegany on or about the 14th day of February, 1916, amending the several petitions of the receiver of the defendant railroad company to this court verified respectively on the 30th day of March, 1909, 18th day of June, 1910, and 21st day of June, 1915, *nunc pro tunc*, with like effect as if the said several petitions, and each of them, had contained when presented to the court a certain allegation set forth in full in this said order, and further ordering that Central Trust Company of New York, as trustee of the first mortgage of the Central New York and Western Railroad Company, dated December 15, 1892, be made a party to this action.

*Arthur H. Van Brunt* and *James C. Sweeney*, for the appellant.

*Alton B. Parker*, for the respondent railroad company.

*Edward J. Connolly*, for the respondent Hamilton Trust Company.

KRUSE, P. J.:

The underlying question on this appeal is whether the receiver's certificates of indebtedness issued pursuant to orders of the court made in this action brought for the foreclosure of the second mortgage are paramount to the lien of the first mortgage as is contended by the receiver and the holders of such certificates, or whether the first mortgage is prior and not affected thereby, as is contended by the trustee for the first mortgage bondholders. It should be stated in this connection, however,

that the receiver himself personally holds nearly $100,000 of first mortgage bonds, and not only concedes, but earnestly contends, that the bonds are subordinate to the certificates.

The defendant railroad company was organized by the merger and consolidation of two railroad corporations, one organized under the laws of the State of Pennsylvania and the other under the laws of this State. Before such merger and consolidation the New York corporation gave a mortgage dated December 15, 1892, upon its property in this State to secure the payment of the bonds which it is now proposed to subordinate to the receiver's certificates.

The merger and consolidation of the railroad corporations was effected August 1, 1899. On February 1, 1902, this reorganized corporation executed the mortgage for the foreclosure of which this action was brought. The suit was commenced August 1, 1905, by the Central Trust Company, the trustee named in said mortgage, and on the same day Frank Sullivan Smith was appointed receiver. In November following a suit was begun on the first mortgage. The Central Trust Company was likewise the trustee of that mortgage, but declined to bring the action and it was brought by the Pacific Improvement Company, a first mortgage bondholder, and the Central Trust Company was made a party defendant in that action as trustee of the first mortgage. On the 9th day of May, 1907, judgment of foreclosure and sale was entered in each of the actions directing a sale of the mortgaged property. But the judgments have lain dormant and unenforced and the receiver has continued to operate the railroad, and the receiver's certificates were issued after the entry of the judgments of foreclosure.

The certificates were issued pursuant to orders made at Special Term of this court. The first order is dated April 10, 1909, the second June 25, 1910, and the third July 3, 1915. While the certificates in question had not been issued at the time of the entry of the judgments of foreclosure, there were at that time outstanding certificates of like nature amounting to about $200,000, which were refunded or taken up by certificates issued under authority of the order of April 10, 1909.

The judgment of foreclosure of the second mortgage pro-

vides that the mortgaged property shall be sold subject to all taxes and assessments which are or shall be, at the time of the sale, liens upon the same, and also to all outstanding obligations of the receiver, which obligations the purchaser shall assume. But no reference is made to the obligations of the receiver in the judgment for the foreclosure of the first mortgage. The holders of the first mortgage bonds were not made parties to the foreclosure of the second mortgage and did not have notice of the applications of the receiver for leave to issue the certificates of indebtedness. While the Central Trust Company was also the trustee under the first mortgage, no reference to that fact or to that mortgage is made in any way in the complaint for the foreclosure of the second mortgage.

The order under review amends the three several original petitions of the receiver for leave to issue the certificates, by setting forth the facts relating to the first mortgage, and assumes to make the Central Trust Company a party defendant in its capacity as trustee under the first mortgage, and further provides that such amendment is made *nunc pro tunc*, with like effect as if the said several petitions and each of them had contained the same when presented to this court.

It is contended by the receiver that it became necessary to borrow money to manage and preserve the mortgaged property and that the funds realized upon these certificates were used for that purpose and that this was well known to the first mortgage bondholders; and, further, that the certificates were issued with the consent of the first mortgage bondholders or their representative that they should be a first lien upon the mortgaged property, including that covered by the first mortgage.

If that be true, it may well be that the rights of the holders of the receiver's certificates are superior to those of the first mortgage bondholders, but upon that question the bondholders are entitled to be heard and have their day in court, and that, we think, they have not had.

While the recitals in the orders and receiver's certificates may be sufficient to show that the certificates were issued upon that basis, the first mortgage bondholders were not parties to the action in which the receiver was appointed, or to the receiver's applications for leave to issue the certificates; nor

was the trust company a party to any of the proceedings in its capacity as trustee of the first mortgage (aside from the special appearance on this application) save as the order in question assumes, retroactively, to make it such. Indeed, it has not acted in that capacity in either suit. It declined to bring the action to foreclose the first mortgage and for that reason was made a party defendant to the action in its capacity as trustee of the first mortgage.

We are clearly of the opinion that the rights of the first mortgage bondholders could not be affected by an order simply amending the petitions and in form making the trust company a party defendant as trustee of the first mortgage. We think the order was unauthorized and that it should be reversed and the motion denied.

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concurred.

Order entered January 22, 1916, as resettled February 14, 1916, reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.