CENTRAL TRUST COMPANY OF NEW YORK, Plaintiff, *v.* THE PITTSBURG, SHAWMUT AND NORTHERN RAILROAD COMPANY and Others, Respondents, Impleaded with FRANK SULLIVAN SMITH, as Receiver, Petitioner, Respondent, and the CENTRAL TRUST COMPANY OF NEW YORK, as Trustee of the Mortgage of THE CENTRAL NEW YORK AND WESTERN RAILROAD COMPANY, Dated December 15, 1892, Appearing Specially, Appellant, and PACIFIC IMPROVEMENT COMPANY, as Holder of Bonds Secured by the Mortgage of THE CENTRAL NEW YORK AND WESTERN RAILROAD COMPANY, Dated December 15, 1892, Appearing Specially, Appellant.

Fourth Department, October 20, 1917.

**Mortgage — foreclosure of second trust mortgage on railroad property — determination, on motion, of priority of receiver's certificates over first mortgage.**

Where, in a suit to foreclose a second trust mortgage on the property of a railroad company, to which neither the first mortgage bondholders nor their trustee are parties, a judgment is entered declaring that the sale of the mortgaged property shall be subject to the obligations of the receiver, and on the same day a judgment is entered in a suit to foreclose the first mortgage barring the receiver's right and claim to the mortgaged property, and making no provision for the payment of his then outstanding obligations, and an action is pending in the Supreme Court to which both the receiver and the first mortgage bondholders are parties, to establish the priority of the obligations of the receiver over the first mortgage, the Special Term has no power to determine the question of the priority of the receiver's certificates as against the first mortgage bondholders or their trustee named in the first mortgage.

SEPARATE APPEALS by the Central Trust Company of New York, as trustee, appearing specially, and by Pacific Improvement Company, appearing specially, from an order of the Supreme Court, made at the Allegany Special Term and entered in the office of the clerk of the county of Allegany on the 21st day of May, 1917, which authorized and directed Frank Sullivan Smith, as receiver, to issue in exchange, at par, for like certificates maturing June 1, 1917, his certificates of indebtedness as such receiver, amounting to $525,000, said certificates containing, among others, a provision which, in

608 CENTRAL TRUST CO. v. PITTSBURG, S. & N. R. R. CO.

substance and effect, declares them to be a lien upon the mortgaged property prior to that of the first mortgage.

Also an appeal by the same parties from an order of the Supreme Court, made at the Allegany Special Term and entered in the office of the clerk of the county of Allegany on the 11th day of July, 1917, authorizing and directing said receiver to issue in exchange, at par, for like certificates maturing August 1, 1917, and September 1, 1917, his certificates of indebtedness amounting to $1,700,000, likewise containing the provision declaring them to be a lien upon the mortgaged property prior to the lien of the first mortgage.

*Joline, Larkin & Rathbone* [*Arthur H. Van Brunt* of counsel], for the appellant Central Trust Company, trustee.

*Moot, Sprague, Brownell & Marcy* [*Adelbert Moot, Welles V. Moot* and *James C. Sweeney* of counsel], for the appellant Pacific Improvement Company.

*Frank Sullivan Smith,* receiver, in person [*Alton B. Parker* of counsel].

KRUSE, P. J.:

The orders should be reversed so far as they assume to adjudicate and determine that the lien of the receiver's certificates is prior to that of the first mortgage; and the recitals, statements and declarations directed by the orders appealed from to be incorporated in the receiver's certificates, to the effect that such certificates shall be a prior lien to that of the first mortgage, and remain a lien upon the mortgaged property prior to the lien of the first mortgage, until the amount of the principal and interest of such certificates be paid, should be omitted, and all provisions contained in the orders, which, in terms or in effect, declare the certificates to be a lien prior to that of the first mortgage, should be stricken from the orders, upon the ground that the Special Term had no power to determine the question of the priority of the receiver's certificates, upon the motion and the papers before it, as against the first mortgage bondholders or their trustee named in the first mortgage.

Neither the first mortgage bondholders, nor their trustee,

are parties to this action, which is brought to foreclose the subsequent mortgage, and neither had judicial notice of the appointment of the receiver, or of any of the applications authorizing the receiver to issue the certificates, which it is proposed to take up with other like certificates, and have adjudged a lien prior to that of the first mortgage. Moreover, the receiver was made a party defendant to the action for the foreclosure of the first mortgage, and the judgment entered therein, in terms, bars all his right and claim to the mortgaged property as well as that of his codefendant, the mortgagor, making no provision for the payment of the obligations of the receiver, although at that time there were outstanding certificates of indebtedness of this receiver amounting to about $200,000. But the judgment in this action, which was entered the same day as that in the action for the foreclosure of the first mortgage, makes provisions for such obligations; it declares that the sale of the mortgaged property shall be subject to the obligations of the receiver, and the purchaser shall assume the payment thereof. While these judgments have lain dormant and unexecuted for over ten years, they have never been modified. The receiver does not ask authority to incur indebtedness; that already exists and the obligations therefor are outstanding. The real controversy here is whether the obligations of the receiver are to have priority over the first mortgage. Indeed, an action is now pending in the Supreme Court to establish such priority to which both the receiver and the first mortgage bondholders are parties and that is what the receiver desires to have established upon these motions and what the orders appealed from assume to adjudge. We are of the opinion that such adjudication cannot be sustained.

A former attempt was made by the receiver to have this question adjudicated against the first mortgage bondholders, upon a motion made in this action to bring in *nunc pro tunc* the trustee named in the first mortgage as a party to the action, and have the receiver's petitions for authority to issue his certificate of indebtedness amended by showing facts which it is claimed entitle the certificates to priority over that of the first mortgage. But that attempt failed. (*Central*

*Trust Co.* v. *Pittsburgh, S. & N. R. R. Co.,* 174 App. Div. 800; affd., 220 N. Y. 690.)

We think this attempt must likewise fail. The adjudication here stands upon no better footing than the like adjudication reversed upon the former appeal.

The orders so far as they assume to determine that the lien of the certificates is prior to that of the first mortgage, should be reversed and the orders modified by striking therefrom all provisions to that effect, as above set forth. As so modified, the orders should be affirmed, with ten dollars costs and disbursements to the appellants. Our order, so far as it reverses or modifies the orders of the Special Term, should state that it is upon the law, and not in the exercise of discretion.

All concurred.

Orders modified in accordance with opinion, and as so modified affirmed, with ten dollars costs and disbursements to appellants.