Central Trust Company of New York, Plaintiff, *v.* The Pittsburgh, Shawmut and Northern Railroad Company et al., Defendants, Frank S. Smith, as Receiver, Appellant, and Central Trust Company of New York, as Trustee, et al., Respondents.

**Appeal — determination by Court of Appeals that Supreme Court has jurisdiction imposes no limitation upon its exercise — remittance, by Appellate Division, of matter to Special Term to take further proof not violation of mandate of this court — when order appealed from not final.**

Where the Court of Appeals upon certification to it of the question whether the Supreme Court has jurisdiction in a certain matter, answers in the affirmative and remits the case to the Appellate Division to proceed in accordance with its opinion, and the Appellate Division, with its jurisdiction thus established, considers the case upon the merits, reverses the order upon the facts and remits the matter to the Special Term to take further proof, a contention that the terms of this court's remittitur were disregarded by such postponement of the final ruling cannot be sustained. Nor does the acceptance of additional affidavits, even if erroneous, involve departure from the terms of the remittitur. The order appealed from is not final, there has been no departure from the mandate of this court and there is nothing here for it to review.

*Central Trust Co. v. Pittsburgh, Shawmut & N. R. R. Co.,* 189 App. Div. 921, appeal dismissed.

(Argued April 19, 1920; decided May 7, 1920.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 8, 1919, reversing an order of Special Term and remitting the matter thereto for the taking of such further proof upon the questions involved as might be submitted by either party.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Alton B. Parker, Frederic W. Frost* and *Frank Sullivan Smith* for appellant.

*Arthur H. Van Brunt* and *Orville C. Sanborn* for Central Trust Company of New York, as trustee, respondent. The orders appealed from are not final orders in an action or special proceeding and, therefore, are not appealable to this court. (*Rudiger* v. *Coleman*, 206 N. Y. 412; *Jewelers' Mercantile Agency* v. *Rothschild*, 155 N. Y. 255; *Knickerbocker Trust Co.* v. *Oneonta, C. & R. S. Ry. Co.*, 197 N. Y. 391; *Maldonado & Co.* v. *Yglesias*, 162 App. Div. 1; *Toone* v. *City of New York*, 218 N. Y. 616; *Ga Nun* v. *Palmer*, 216 N. Y. 603; *Levy* v. *Louvre Realty Co.*, 222 N. Y. 14; *Matter of City of New York* [*East River Park*], 224 N. Y. 697; *Reedy El. Co.* v. *Monock Co.*, 224 N. Y. 699.) The orders appealed from related to a matter resting in the discretion of the Appellate Division and, therefore, are not appealable to this court. (*Central Trust Co.* v. *Pittsburgh, Shawmut & Northern R. R. Co.*, 223 N. Y. 347; *Atlantic Trust Co.* v. *Chapman*, 208 U. S. 360; *U. S.* v. *Lehigh Valley R. R. Co.*, 220 U. S. 257; *Central Trust Co.* v. *New York City & N. R. R. Co.*, 110 N. Y. 250; *People ex rel. Elmira Advertiser Assn.* v. *Gorman*, 222 N. Y. 712; *Matter of Haydorn* v. *Carroll*, 225 N. Y. 84; *Doerfler* v. *Pottberg*, 218 N. Y. 27.)

*Adelbert Moot* and *Welles V. Moot* for Pacific Improvement Company, respondent. The orders involved were discretionary, and show that legal discretion was exercised in making them. (*Raht* v. *Attrill*, 106 N. Y. 423; *Knickerbocker T. Co.* v. *Oneonta, C. & R. S. Ry. Co.*, 201 N. Y. 379; *Kneeland* v. *Am. L. & T. Co.*, 136 U. S. 89; *Gregg* v. *Met. T. Co.*, 197 U. S. 183; *Atlantic Trust Co.* v. *Chapman*, 208 U. S. 360; *United States* v. *Lehigh Valley R. R. Co.*, 220 U. S. 257; Code Civ. Pro. §§ 721, 722, 723, 724; *Central Trust Co.* v. *N. Y. C. & H. R. R. R. Co.*, 110 N. Y. 250.)

CARDOZO, J.   The facts in this controversy were fully stated in the opinion of the court on an earlier appeal

(223 N. Y. 347). It is unnecessary to restate them now. At that time we had before us for review a question certified by the Appellate Division. The question was whether the Special Term had power to determine " the priority of the receiver's certificates, upon the motion and the papers before it, as against the first mortgage bondholders or their trustee named in the first mortgage." We answered the question " yes," and remitted the case to the Appellate Division to proceed in accordance with the opinion. We did not attempt to determine that the petition had made out a case for the granting of the relief demanded. We held merely that there was jurisdiction in the Supreme Court, upon the notice given to the trustee and bondholders, to determine whether the relief demanded should be granted or withheld. The appeal brought up for review the question certified, and no other (Code Civ. Pro. sec. 190; *Davis v. Cornue*, 151 N. Y. 172).

The Appellate Division, with its jurisdiction thus established, considered the case upon the merits. It reversed the order upon the facts, and remitted the matter to the Special Term to take such further proof upon the questions involved in the proceeding as either party might submit. The argument is that the terms of our remittitur were disregarded by this postponement of the final ruling. We think the argument will not hold. There is no need to determine to what extent jurisdiction is inherent in this court to revise an order involving a departure from its mandate, for we are satisfied that in this instance no departure has been shown (*Matter of Sanford Fork & Tool Co.*, 160 U. S. 247; *Ex parte Sawyer*, 21 Wall. 235; *Perkins v. Fourniquet*, 14 How. [U. S.] 328, 330; *Steinfeld v. Zeckendorf*, 239 U. S. 26; *People v. Priori*, 163 N. Y. 99, 101). We required the Appellate Division to act. We imposed no limitation upon the nature of its action. There was the same broad power afterwards as before to grant relief or to refuse it or to permit another

hearing (*Syracuse Savings Bank* v. *Syracuse, Chenango &
N. Y. R. R. Co.*, 88 N. Y. 110, 115).   The Appellate Divi-
sion is a branch of the Supreme Court, and the petitioner
is its receiver.   It was under no duty to direct its own
officer to issue certificates that would have priority over
underlying mortgages while its mind and its conscience
were unsatisfied that justice would thus be done.   It
would not command its representative " to do a shabby
thing " (*Ex parte Simmonds*, L. R. 16 Q. B. 308).   It
might desire information that would show in greater
detail the application already made by the receiver of
moneys borrowed on certificates.   It might find itself
unable to determine the equities of prior bondholders
without a fuller showing of the extent to which such
application had resulted to their benefit.   Even if satisfied
that the petition made out a *prima facie* case for the
granting of relief, it might still be unwilling to act until
the bondholders and the trustee, who had appeared
specially to contest the jurisdiction, had been given
another opportunity to elucidate the transaction and
contest the petition on the merits.   In brief, it was
under no duty to give instructions to its officer upon
a presentation of the case which it believed to be inade-
quate or partial.   The relief prayed for by the receiver
was not a matter of strict right.   His petition was
addressed to the discretion of the court, guided, it is true,
by precedent, but controlled, in its final exercise, by a
sense of equity and justice.   We had neither power nor
purpose to fetter discretion in sustaining jurisdiction.

The receiver says, however, that our order was dis-
regarded when the Appellate Division permitted new
affidavits to be filed by trustee and bondholders in opposi-
tion to the petition.   These affidavits showed that during
the pendency of the appeal there had been a decision
adverse to the receiver in a plenary suit intended to
adjudicate the interests and priorities of all the conflicting
claimants.   We do not understand that the Appellate

Division received these affidavits as evidence in disproof of the averments of the petition. We understand them to have been received in support of the suggestion that evidence pro and con would be available if a rehearing were permitted. Broad powers, original as well as appellate, are lodged in the Appellate Division as a branch of the Supreme Court (*Matter of Barkley*, 42 App. Div. 597, 608, and cases there cited; *Syracuse Savings Bank* v. *Syracuse, C. & N. Y. R. R. Co., supra*). We do not need at this time to attempt to mark their limits. An error, if there was any, in the acceptance of the affidavits, involves no departure from the terms of our remittitur. In answer . to the question certified, we held that there was power to adjudicate. By thus holding, we did not invest ourselves with jurisdiction to supervise the adjudication, when thereafter made, for irregularity or error. This order, even though erroneous, would not come within our jurisdiction, if it had been made before we settled the power of the Supreme Court to proceed to a decision. It is not brought within our jurisdiction because it was made afterwards. The limit of our power is to enforce compliance with our mandate (*Steinfeld* v. *Zeckendorf; Ex parte Sawyer, supra*).

A motion heretofore submitted to this court for the dismissal of the appeal was denied without opinion. We thought the question of jurisdiction so closely interwoven with the question of the merits that the one could not safely be determined without some consideration of the other. In the light of ampler argument and more deliberate examination of the record, we are satisfied that the order is not final, that there has been no departure from our mandate, and that there is nothing here for our review.

The appeal should be dismissed with costs.

HISCOCK, Ch. J., POUND and CRANE JJ., concur with CARDOZO, J.; CHASE, J., dissents in memorandum, as follows:

CHASE, J. (dissenting). Our decision herein (223 N. Y. 347) was upon a question of law submitted to the court by the Appellate Division. It having been therein decided that the Special Term had power to determine the question of the priority of the receiver's certificates upon the motion and the papers before it, as against the first mortgage bondholders or their trustee named in the first mortgage, and the case having been remitted to the Appellate Division for consideration in accordance with the opinion, it was, in my judgment, the duty of the Appellate Division to consider the appeal upon the papers before it. If it had upon the record returned to it by this court herein in May, 1918, reversed the order of the Special Term of May, 1917, and remitted the matter to the Special Term to take proofs upon the questions involved, it would, in my judgment, have been within the authority of the Appellate Division under the order of this court, and I would concur in the dismissal of the present appeal. I am of the opinion, however, that the order of the Appellate Division should be reversed because it improperly permitted the record sent to it to be materially changed. The Appellate Division did not merely receive a suggestion that another determination had been made on a more full and complete trial of the questions involved in equity actions, one brought by a bondholder and the other by the receiver, but the facts presented to the court in such actions and the decision of the court therein were considered and made a part of the record upon which the determination was made. Permitting the record so to be changed was not, I think, within the direction of this court or in compliance therewith.

The order appealed from should be reversed and the matter again remitted to the Appellate Division for consideration upon the record returned to it in May, 1918.

COLLIN and ANDREWS, JJ., concur with CHASE, J.

Appeal dismissed.