EVERETT I. WEAVER, Respondent, v. PACIFIC IMPROVE-
MENT COMPANY, Appellant, Impleaded with Others.

FRANK S. SMITH, Individually and as Receiver of the
PITTSBURG, SHAWMUT AND NORTHERN RAILROAD COM-
PANY, Respondent, v. PACIFIC IMPROVEMENT COMPANY,
Appellant, Impleaded with Others.

CENTRAL TRUST COMPANY OF NEW YORK, Plaintiff, v.
THE PITTSBURG, SHAWMUT AND NORTHERN RAILROAD
COMPANY et al., Defendants.

HENRY S. HASTINGS, as Receiver, Respondent; CENTRAL
UNION TRUST COMPANY OF NEW YORK, as Trustee et al.,
Appellants.

**Appeal — practice — effect of reversal of findings made by
Special Term and making new findings by Appellate Division
in unanimous decision — when holding that judgments are
res adjudicata not a finding of fact.**

1. Where, in a proceeding to have certificates of the receiver of an
insolvent railroad company declared a lien upon the railroad and its
properties, prior to a judgment in foreclosure of prior mortgages
thereon, the Appellate Division, by an unanimous decision, expressly
reversed certain findings of fact made by the trial court, made new
findings of its own, and then reversed the judgment of the trial court
and ordered a final judgment, declaring the receiver's certificates to
be liens superior to prior mortgages and judgments foreclosing the
same, the only question of law presented to the Court of Appeals in
respect to such findings is whether the evidence is fairly capable of
sustaining the inference which the court below has drawn, and the
evidence being sufficient to sustain such findings, approved and made
by the Appellate Division, its order and judgment must be affirmed.

2. Where a judge at Special Term, in denying an application of
the receiver of an insolvent railroad company to have the receiver's
certificates made a lien superior to the judgments foreclosing mort-
gages upon the property of the company, based his decision upon
judgments in actions brought for the same purpose, holding in effect
that such judgments were *res adjudicata* and binding upon him, such
holding does not constitute a finding of fact; but even if it be held to
be equivalent to a finding of fact, and upon the appeal from the Special

Term order the Appellate Division by its decision reversed these findings and made findings of its own, then the reversal must be presumed to have been upon the law, unless the Appellate Division in its order indicated that the particular question or questions of fact upon which the reversal was made were specified or referred to by number or other adequate designation.

*Weaver* v. *Pacific Improvement Co.*, 198 App. Div. 825, affirmed.

*Smith* v. *Pacific Improvement Co.*, 198 App. Div. 825, affirmed.

*Central Trust Co.* v. *P. S. & N. R. R. Co.*, 198 App. Div. 825, affirmed.

(Argued December 11, 1922; decided January 9, 1923.)

APPEAL in each of the two first above-entitled actions from a judgment entered January 28, 1922, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of defendants entered upon a decision of the court on trial at Special Term and directing judgment upon new findings.

Appeal in the third above-entitled proceeding from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 23, 1921, which modified and in effect reversed an order of Special Term denying a motion for leave to issue receiver's certificates and granted such motion.

*Adelbert Moot* and *Welles V. Moot* for Pacific Improvement Company, appellant.

*Arthur H. Van Brunt* and *Orville C. Sanborn* for Central Trust Company of New York, as trustee, appellant.

*Alton B. Parker*, *Arthur McCausland* and *Frederic W. Frost* for respondents.

McLAUGHLIN, J. These three appeals were argued together and may be considered in the same way since they involve substantially the same questions. Each appeal raises the rights of the holders of receiver's certificates and the priority of the lien thereof to a mortgage dated the 15th of December, 1892, given by the Central

New York and Western Railroad Company to secure the payment of an issue of bonds aggregating $1,000,000, of which $733,000 are outstanding, as well as the priority of the lien of such certificates to a judgment of foreclosure entered on such mortgage. The material facts involved have been quite fully stated in opinions heretofore delivered and it is, therefore, unnecessary to restate them. (*Central Trust Company* v. *Pittsburgh, Shawmut & Northern R. R. Co.*, 174 App. Div. 800; affd., 220 N. Y. 690; 179 App. Div. 607; revd., 223 N. Y. 347; 189 App. Div. 921; app. dis., 229 N. Y. 68; *Smith* v. *Pacific Improvement Co.*, 104 Misc. Rep. 481; *Weaver* v. *Pacific Improvement Co.*, 198 App. Div. 825.)

In *Central Trust Company of New York* v. *Pittsburg, Shawmut & Northern R. R. Co.* (223 N. Y. 347) this court had before it for review an order of the Appellate Division which reversed an order of the Special Term granting a motion of the receiver and making his certificates a lien superior to the mortgage above referred to and the judgment of foreclosure entered thereon. In reversing such order the Appellate Division permitted an appeal to this court and certified the following question: " Had the Special Term power to determine the question of the priority of the receiver's certificates upon the motion and the papers before it as against the first mortgage bondholders or their trustee named in the first mortgage? "

The order of the Appellate Division was reversed and the question certified answered in the affirmative. Whether such certificates should be declared a lien prior to the mortgage was not before this court and while the principles to be applied in determining that question were stated, nevertheless this court did not assume to pass upon the merits. It could not do so since the Appellate Division had not passed upon them. The matter, therefore, was sent back to the Appellate Division to enable it to determine the necessity for and

advisability of renewing the receiver's certificates as prayed for in the amended petition and as provided in the order of the Special Term. The Appellate Division, the matter having been remitted to it, reversed the order of the Special Term upon the facts and sent the matter back to the Special Term to take such further proof upon the question involved in the proceedings as either party might submit. In doing this it acted within its jurisdiction. (*Central Trust Company of New York* v. *Pittsburgh, Shawmut & Northern R. R. Co.*, 229 N. Y. 68.)

Prior to the hearings at the Special Term two actions, one brought by Smith individually and as receiver, and the other by Weaver, a certificate holder, to procure judgments decreeing that the certificates issued by the receiver were a lien superior to the lien of the mortgage and judgment referred to, had been tried and a judgment rendered in each action dismissing the complaint. All of the proceedings in such actions, including evidence taken, findings made, and judgments rendered, were made a part of the moving papers. Affidavits and other evidence were also presented to the Special Term, which reached the conclusion that it was bound and controlled by the adjudications in those actions and accordingly denied the application of the receiver. The order denying such application, after referring to those actions, recites that the judgments " are and each of them is a binding adjudication upon all the subjects and rights of the parties before this court upon this application and although in accordance with the decision of the Court of Appeals in this proceeding the court would have power (except for such adjudication) to find the facts exactly as stated in the opinion of the Court of Appeals by Judge CHASE, reported in 223 New York, 347, and to grant the relief prayed, nevertheless, because of such adjudications and each of them, this court is obligated to find the facts as found in the decision of each of the cases above mentioned, signed by Mr. Justice WOODWARD (whether

such facts are or are not the same as those stated
in Judge CHASE's said opinion) and must likewise
make and find the conclusions of law as found in said
decisions   *   *   *."

An appeal was taken to the Appellate Division from
the order denying the application as well as from the
judgments in each of the actions. The three appeals
were contained in one record and were argued together.
The Appellate Division considered the case upon the
merits, reversed certain findings, made findings of its
own, reversed each judgment as stated by it on the
law and directed that judgment be entered in each
action to the effect that the foreclosure decree of the Pacific
Improvement Company be declared subject and sub-
ordinate to the receiver's outstanding certificates to the
amount of $1,005,726.29, and that such priority should
be accordingly declared and embodied in the terms of
the foreclosure sale whenever the property should be sold
under said decree; that the receiver's certificates to the
amount named should be the first lien; that the judgment
of foreclosure should be the second lien; and that the
residue of such certificates, including any amount unpaid
from the property of the Central New York and Western
Railroad Company, should be declared a lien upon the
entire road, including mining properties. The decision
of the Appellate Division was unanimous. It having
expressly reversed certain findings of fact made by the
trial court, and made new findings of its own, then
reversed the judgment of the trial court and ordered
a final judgment, the only question of law presented
for our consideration in respect to such findings is whether
the evidence is fairly capable of sustaining the inferences
which the court below has drawn. If there be any
evidence to sustain the findings as approved and made
by the Appellate Division, then its order and judgment
must be sustained. (*Union Trust Co. of Rochester* v.
*Oliver*, 214 N. Y. 517.)

There is, as it seems to me, an abundance of such evidence. That the receiver acted in the utmost good faith cannot be seriously questioned; that the certificates issued were for the continued operation of the entire system under the orders of the court; and that the same were for the benefit of the whole line and for the purpose of keeping the line in operation and intact. The Appellate Division, therefore, was justified in finding that it was equitable and fair that the sum of $1,005,726.29 should have priority over the judgment of foreclosure; indeed, I think it would have been grossly unfair and unjust, when the evidence is considered, to have reached any other conclusion.

It only remains to consider the appeal from the order of the Appellate Division which reversed the order of the Special Term and granted the application of the receiver. The order of the Special Term was one made in a special proceeding and findings were unnecessary. (*Matter of City of New York* [*Avenue D*], 200 N. Y. 536.) Did the Special Term make findings of fact? In other words, does the reference to the findings of fact made in the two actions have the effect of incorporating the same in its order? There certainly are no findings of fact unless it be by such reference. I do not think that such reference can be regarded as making findings of fact. The learned judge, in denying the application of the receiver, based his decision upon the judgments rendered in the two actions. He, in effect, held that such judgments were *res adjudicata* and binding upon him; that he must follow those judgments and find the facts as found by the judge who directed that the judgments be entered. If it be held that such reference is equivalent to making findings of fact, then the reversal must be conclusively presumed to have been upon the law, unless the Appellate Division in its order indicated that the particular question or questions of fact upon which the reversal was made were specified or referred

to by number or other adequate designation. (Civil Practice Act, § 602.) If it can be held that the Special Term did make findings of fact, then the Appellate Division, so far as was necessary, reversed these findings and made findings of its own and so indicated in its order. It referred to the two actions; the decisions there made and judgments rendered; that the judgments had been reversed; that certain findings contained in the decisions had also been reversed; and certain additional findings of fact made. The three appeals were before the court, all in one record, and the three decisions were simultaneously made.

I am of the opinion that the orders and judgments of the Appellate Division are right and should be affirmed. In reaching this conclusion it is proper to say that our judgment simply declares the rights and equities between the holders of the receiver's certificates and the bondholders secured by the mortgage on the property of the Central New York and Western Railroad Company. It does not assume to and does not determine the equities as between those bondholders and the bondholders under the later mortgages covering the property of the consolidated company. It is unnecessary at this time to determine whether, in the event of a sale of the entire property, the divisional bondholders will be entitled, upon a marshaling of the assets, to be compensated either wholly or in part out of the moneys otherwise payable to later bondholders. That is a question which we leave open.

The orders and judgments appealed from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Orders and judgments affirmed.